NEW-YORK,
Nov. 1809.

The PEOPLE
v.
SHAW.

* 1 *Sellon*, 316.

† 1 *Sellon*, (B.)
326.

was authorised to enter the default, according to the practice of the *English* court of K. B.

*Grosvenor*, in reply, observed, that the plea of *plene administravit* was tantamount to the general issue ;* and was not therefore within the rule of the *English* practice ;† but he did not understand that such a rule had been established by this court.

*Per Curiam.* In all cases not provided for by the rules of this court, we follow the practice of the court of K. B. in *England.* Special pleas must be signed by counsel. Where the attorney who signs the plea is also of the degree of counsellor, that will be sufficient; but he must sign *as counsel,* as well as attorney. If there be no addition to the name, it is enough; otherwise, if he only adds attorney to his name, it will not be considered. as signed by counsel.

---

The PEOPLE *against* SHAW.

Forging a paper in the following words : "Mr. *Seward*. Sir, let the bearer trade 13 dollars and 25 cents, and you will oblige," &c. was held to be forging an order for the delivery of goods, within the statute.

THE prisoner was indicted and convicted at the last *oyer and terminer*, in the county of *Orange*, for forging an order for the delivery of goods, as follows :

"Mr. *Seward*. Sir, Let the bearer trade thirteen dollars, twenty-five cents, and you will much oblige yours, &c. *August* 16, 1809. *Samuel Layton*."

Judgment being respited, the prisoner was now brought up on a *habeas corpus*, and a motion was made in arrest of judgment, on the ground that this was not an order for the delivery of goods, within the statute.

*Per Curiam.* This is an order for the delivery of goods within the statute. (24 sess. c. 54.) The terms of

it are sufficiently explicit and intelligible. (2 *East's P. C.* 941. § 39. 1 *Leach*, 63.)

The prisoner was sentenced to the state prison for five years.

————————

## The PEOPLE *against* FINCH.

THE prisoner was indicted, tried and convicted, at the last *oyer and terminer* held in *Orange* county, for forging a note for the payment of money, in the words following, to wit: " Due *Jacob Finch*, 1 dollar on settlement this day, *February* 7th, 1809. *David Knight*."

Judgment was respited, and the prisoner being brought up on a *habeas corpus*, it was moved in arrest of judgment, that the forged paper was not a note for the payment of money, within the statute.

*Per Curiam.* This is a note for the payment of money within the statute. A similar question arose in the case of *Matthew Mackey*, before this court, in *August* term, 1806. He was convicted for forging a paper, in the following words: " Due from *Benjamin Sands* to *Matthew Mackey*, the sum of one pound, on the first day of the month called *April*, 1801. *Benjamin Sands*." And the court decided, that it was a note within the statute.

Judgment, that the prisoner be imprisoned in the state prison for five years.

*Forging the following paper: " Due Jacob Finch one dollar on settlement this day," &c. is forging a note for the payment of money within the statute.*

END OF NOVEMBER TERM.