ALBANY,
August, 1810.

THE PEOPLE
v.
WILSON.

THE PEOPLE *against* JOHN WILSON.

The same *against* EZRA OSBORN.

Since the act of the 30th sess. c. 173. sect. 1. it is not a felony, in this state, to utter and publish a forged bank note of another state, for the payment of a sum less than one dollar; nor is a person possessing such a note, with intent to utter it, indictable, under the act of the 31st sess. c. 155. sect. 7.

THE prisoner, *Wilson*, was convicted, at the last *oyer* and *terminer*, held in *Washington* county, of uttering, as true, knowing it to be false, &c. a forged promissory note, for the payment of money, purporting to be a bank note of the *Vermont* state bank, for 75 cents, payable to the bearer, at their office of discount and deposit, at *Woodstock*, &c. with intent to defraud one *James Watson*, &c.; and also, for feloniously having the same note in his possession, with intent to pass it, and to defraud some person, or body politic unknown. (See act, sess. 24. c. 54. Sess. 31. c. 155.)

The prisoner, *Osborn*, was convicted, at the same court, for feloniously aiding and assisting *Wilson* to escape, while he was confined in the gaol, by virtue of a warrant issued against him, on a charge of having, knowingly, uttered, &c. the same forged bill, for 75 cents.

*Crary* moved, in arrest of judgment, that the offence charged in the indictment was not forgery.

*Savage,* District-Attorney, contra.

*Per Curiam.* The act of the 21st of *March*, 1801, (*Laws*, vol. 1. p. 251. sess. 24. c. 54.) makes it felony to forge or utter and publish any promissory note, for the payment of money. This was, undoubtedly, a *promissory note*, on the face of it, and purported to be good and valid. Notes of this description are not absolutely void, for they may be collected of the bank of *Vermont*. But, for the purposes of circulation, they are void, in this

state; for the act, (*Laws*, vol. 5. p. 224. sess. 30. c. 173.) declares that "no person shall give or receive in payment of any debt or demand whatsoever, or in any way attempt or offer to circulate any bank bill, or promissory note of any banking company, within this state, or elsewhere, for the payment of money, which shall be for less than the nominal value of one dollar; and every person offending against the act, shall forfeit and pay the amount or value of such bank bill or note, with the costs of suit."

It cannot, therefore, be a felony, to utter and publish, in this state, such a forged bill; because no person can be *defrauded*, as every person is bound to know, that it is unlawful to accept in payment, or circulate such a bill. The fraudulent intent is the *gist* of the charge, and that intent cannot be inferred from uttering the bill, when every person knows that it is unlawful to receive it, and that it is void, as to the purposes of payment and circulation. The opinion of all the judges, in *England*, in *Moffat's* case, (*Leach*, 337.) was, that the forging a bill of exchange, which, if real, would not have been valid or negotiable, but void, under the statute, was not a capital offence. We do not mean to say that it would not be felony to *forge* such a bill, or larceny to steal it, but only, that offering it for circulation, is not felony; because, it is declared to be incapable of any such use.

The prisoner, *Wilson*, has been convicted of possessing the forged bill, with intent to pass it, under the 7th section of the act of the 8th of *April*, 1808. (*Laws*, vol. 5. p. 336. sess. 31. c. 155.) But if it is not felony to utter it, it cannot be felony to possess it, with intent to utter it. As he is not in custody under a charge of felony, for the facts are especially stated, in the warrant of commitment, we are of opinion, that the judgment, in each case, must be arrested, and the prisoners discharged.

Prisoners discharged.