THOMAS CUNNINGHAM, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Forgery — Instrument not known to the common law — what constitutes forgery of such an instrument.*

The prisoner caused to be engraved and printed what purported to be warrants drawn by the auditor of public accounts on the State treasurer of Mississippi, and had a seal made. He filled in the blanks of two warrants, but made no impression with the seal upon them. He then sent all the warrants and the seal to Mississippi. The warrants, by the law of Mississippi, were invalid without a seal. *Held,* that the instruments, being invalid on their face, were not the subject of forgery.

If a statute authorizes an instrument not known to the common law, and so prescribes its form as to render any other form null, forgery cannot be committed by making an instrument in a form not provided by the statute, even though it is so like the genuine as to be liable to deceive most persons.

Appeal from a conviction in the General Sessions for forgery in the third degree.

The plaintiff in error was indicted for forgery in the third degree and brought to trial in the General Sessions on the 24th day of September, 1872.

The evidence showed that the prisoner procured to be engraved and printed two books containing blank warrants, purporting to be drawn by the auditor of public accounts of the State of Mississippi, upon the State treasurer of that State; and also procured a seal to be engraved. This work was done in the city of New York, under the prisoner's directions. He then filled up two of the warrants, and shipped the books so prepared, together with the seal and the signed warrants or drafts, to Jackson, Mississippi, where the package fell into the hands of the authorities. The prisoner was

subsequently arrested in this city, and admitted his agency in the scheme.

He was convicted of the forgery of the signed warrant found in the box with the books of blanks and the seal. There was no impression of the seal upon the warrant which was the subject of the indictment. He now brings error to review that conviction, upon various exceptions to the evidence admitted upon the trial, and also to the instruction of the learned recorder to the jury, that upon the indictment the prisoner could be convicted of forgery.

*Wm. F. Howe,* for the plaintiff in error.

*B. K. Phelps,* for the people.

BRADY, J.:

The prisoner was tried and convicted for forging warrants purporting to be drawn by the auditor of public accounts of the State of Mississippi upon the State treasurer of that State. The evidence established the facts that he procured them to be engraved and printed, and a seal also to be made, and that the work was done in this city. It also appears that he filled in the blanks of two warrants, and shipped or sent the books containing all the warrants signed and unsigned, together with the seal, to Jackson, Mississippi, where the package fell into the hands of the authorities. It also appears that he confessed his connection with the scheme upon his arrest, but there is no proof, other than the transmission of the drafts or warrants to Jackson, of any attempt on his part to utter them. He had not filled up all the warrants, because, he said, he had not sufficient data to do so satisfactorily. There was no impression of the seal upon the warrant which was the subject of the indictment, and for the forging of which he was convicted. It appeared upon the trial that the warrant was invalid, by the law of the State of Mississippi, without a seal. It would also seem that it lacked vitality because it did not purport to be registered. This does not distinctly appear however, although it was so declared by the recorder before submitting the case to the jury. The chief question presented on this appeal is, therefore, whether the instrument was one which, under

our laws, could be the subject of an indictment for forgery. The rule established by the adjudications in this State, and after a thorough consideration of the question, is, that if the instrument be invalid on its face, it cannot be the subject of forgery, because it has no legal tendency to effect a fraud. (*People* v. *Shall*, 9 Cow., 778; *People* v. *Fitch*, 1 Wend., 198; *People* v. *Wilson*, 6 Johns., 320; *People* v. *Stearns*, 21 Wend., 409; *People* v. *Harrison*, 8 Barb., 560.) And, as these cases show, there are many English decisions to the same effect. Whether, for instance, a bond or other instrument is of a form to be valid, is a question of law; if, therefore, a statute authorizes an instrument not known to the common law, and so prescribes its form as to render any other form null, forgery cannot be committed by making a false statutory one, in a form not provided by statute, even though it is so like the genuine as to be liable to deceive most persons. (2 Bishop Cr. Law, § 538, and cases cited.) Hence the decision in *People* v. *Harrison*, that an indictment would not lie for forging a certificate of the acknowledgment of a deed, when the certificate did not state (and was therefore imperfect) that the grantor acknowledged the execution of the conveyance. Legal forgery cannot be made out by imputing a possible, or even actual, ignorance of the law to the person intended to be defrauded. However dark may be the moral hue of a transaction, courts of justice can only act upon the legal crime, upon criminal breaches of perfect legal obligations. (Per COWEN, J., in *People* v. *Shall, supra*.) How clear soever the fraudulent purpose, unless the writing is sufficient to accomplish that purpose, it is not forgery, since, with a single exception, actions only, and not evil intentions, are punishable by the English law. (Hammond Digest, Forgery, ch. 1, § pl. 102.) The invalidity of the warrant upon its face, on which the case for the prosecution rested, judged by the principles stated, rendered it improper to convict the prisoner. The evidence on the subject of the locality in which the warrants were to be uttered, if there be any evidence relating thereto, shows that they were to be circulated in the State of Mississippi, because they were all sent there; and if the general public of this country are not chargeable with knowledge of the law of each State, it is at least incumbent upon them, when the obligations of a State are in the

market for barter, to examine them, and every prudent man would examine them, nay, investigate their origin and issue, to ascertain whether they were genuine and authorized by law. If, however, the rule be, that the knowledge of the law of each State must be restricted to its residents, as suggested in this case, it cannot be applied until a criminal attempt upon the citizen of another State is shown to have been made, and under such circumstances that he could not shield or excuse himself from the consequences of his presumed knowledge of the law. This case presents no feature of that kind. There was, as suggested, no attempt to use the warrants in this State. The inference to be drawn from the *modus operandi* of the prisoner and associates is, that they selected the State of Mississippi for the circulation of the warrants, as the most likely territory for the success of the enterprise. The duty of reversing the judgment rendered in this case seems to be imperative, for the reasons assigned.

DANIELS, J., concurred.

Judgment reversed, and new trial ordered.