## No. 225.

### THE STATE OF LOUISIANA VS. PRIMUS WINGARD.

A writing of the following tenor: "Prime Wingard, 507 I. cot. T. T. P." is such in form as to be apparently of some legal efficacy, and may serve as a basis for a prosecution for forgery, uttering, etc.

In order to justify the admission of proof to show in what the forgery consists, it was unnecessary to make specific averment to that end in the indictment.

APPEAL from the Second District Court, Parish of Bienville. *Boone*, J.

*J. Henry Shepherd*, District Attorney for the State, Appellee:

1. In any indictment for forging, uttering, stealing, embezzling, destroying or concealing, or for obtaining by false pretenses any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or

by the purport thereof, without setting out any copy or *fac simile* thereof, or otherwise describing the same. or the value thereof.  R. S. Section 1049.

2.  The essential elements of a forgery are: 1st.  A writing in such a form as to be apparently of some legal efficacy.  2d.  An evil intent of the sort deemed fraudulent in the mind of the defendant.  3d.  A false making of such writing.  Bishop, C. P., 400 Criminal Law, Vol. 2, Section 523.

3.  To constitute forgery it is not absolutely essential that the instrument uttered as true should be one so well executed that it would be likely to deceive a person of ordinary caution, nor the particular person intended to be defrauded.  The true rule is, did the accused make or materially alter, with intent to defraud, any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.  Bish op's Criminal Law 1, Section 572, page 352; Wharton's Criminal Law, page 338; State vs. Ferguson, 35 Ann. 1042; State vs. Ford, 38 Ann. 797.

4.  Proof of part of a charge of forgery is sufficient.  A trifling variance between the proof and description are not deemed material.  Waterman's Cr. D., p. 213, Sections 198–201. Especially where the substance and legal effect are the same.  Bishop's C. P. 488, State vs. Given, 32 Ann. 782; 38 Ann. 799.

*B. F. Edwards* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was convicted of forgery and sentenced to two years at hard labor.

He complains, on appeal, that the lower court erred in holding *that* the instrument alleged in the indictment is such as can be forged; that said instrument is complete and can be the basis of legal liability; and that, under the averments, evidence could be received explanatory of the instrument.

The indictment charges that the accused, on a day stated, in the parish named, did falsely and fraudulently forge and counterfeit a certain writing or paper of the tenor following, to-wit: Prime Wingard 507 I. cot. T. T. P., with intent to defraud C. W. Hanmer  *   *   * and wilfully and feloniously did offer, utter and dispose of, put off and publish as true, a certain false, forged and counterfeited writing, or paper, of the tenor following, to-wit: (as above), with intent to defraud C. W. Hanmer, he, the said Primus Wingard, at the said time, he so uttered and published the said last mentioned false, forged and counterfeit writing, or paper, a person well knowing the same to be false, forged and counterfeited, contrary, etc.

I.

One of the three essential elements of forgery to be charged against a defendant, is that what is averred to have been forged, etc., be a a writing in such form as to be apparently of some legal efficacy. Bishop Cr. Pr., Sec. 572, p. 352;  Wharton Cr. L., 338;  35 Ann. 1042; 38 Ann. 797.

On a germane question, this Court recently held that, certain papers reading: " Willy Johns has picked 215 pounds of cotton (signed) Henry Heastly," and "David Jefferson has picked 852 pounds of cotton (signed) Henry Woothen," were writings of some legal efficacy, which could serve as the basis for a prosecution.

It said : " The law does not require, in cases of forgery, that the instrument charged to have been forged shall on its face purport to be an order for the payment of money or delivery of goods. It is sufficient that the instrument be one by the use of which money or goods can be obtained," and the Court referred to a New York case, 5 Johns, 236, in which it has been held that an instrument reading: . " Due F. F., one dollar, on settlement this day," is one which can be treated as a *note* for the payment of money. 39 Ann. 331.

The district court ruled that the indictment contains the essential elements to support the charge.

It is evident that the paper mentioned in the indictment is in a form which apparently has some legal efficacy, and that upon it money could have been obtained, as, in fact, it was in this case. The court ruled correctly.

## II.

The second objection is that the writing or instrument in question is incomplete on its face, so that, as it stands, it cannot be the basis of any legal liability.

This objection may be considered as involved in the first, and the ruling just made disposes of it.

## III.

The third objection is that the indictment contains no allegation explanatory of the alleged forged instrument or writing, and hence evidence cannot be received to that effect.

The testimony offered was indispensable to establish how the alleged forgery had been committed. Indeed, it is impossible to conceive how the jury could have concluded that the paper had or not been forged, unless proof had been adduced to show what the paper was, and in what manner it was originally drawn up.

It was unnecessary to aver in the indictment how the paper had been tampered with and forged.

Forgery may consist in making and issuing with fraudulent intent, etc., a paper or writing false or forged, either in its entirety or in some significant or important portion or part of it.

In the instant case, it was not pretended that the whole writing had

been forged, but simply that one of the figures in the number had been forged, by changing it from 1 to 5, so as to make the number to be 507 instead of 107.

By the alteration the party named would have been entitled to receive a larger sum than he would, had not the writing been tampered with.

It was legitimate to receive evidence under the circumstances, and the lower court did not err in admitting it.

## IV.

The motion in arrest is based on the grounds set forth in the first bill just passed upon. The second bill is to the overruling of the motion in arrest. The views above expressed justify the action of the trial judge on the motion in arrest, and dispose of the second bill.

Judgment affirmed.