PEOPLE *v.* PHILLIPS.

FORGERY—ORDER FOR PROPERTY—WHAT CONSTITUTES.

   An instrument reading, "Mr. G., would you let me have [certain property], and I will settle with you," signed "Mrs. S.," is an "order" for property, within the meaning of 2 How. Stat. § 9213, relating to the crime of forgery.[1]

Error to Ingham; Person, J. Submitted November 18, 1898. Decided December 6, 1898.

Clarence Phillips was convicted of forgery, and sentenced to imprisonment for three years in the state prison at Jackson. Affirmed.

*Bartlett Wiley*, for appellant.

*A. M. Cummins*, Prosecuting Attorney, for the people.

MOORE, J. The respondent was convicted of forgery, under section 9213, 2 How. Stat. The information charged, and Mr. Phillips pleaded guilty to, the forgery of an instrument reading as follows:

"Mr. Gleason, would you let me have one bottle of St. Jacob's oil, and I will settle with you when I come to town. I have a small bill with you now.

                    "MRS. SMITH, Gunnisonville."

It is claimed that to forge such a paper is not a crime, under the statute. It is said this is not an order for property, but a mere request, and that, to constitute such an order as is intended by the statute, the drawer of the order must have a disposing power over the goods, and the person upon whom it is drawn must be under obliga-

---

[1] On the question what instruments are of such legal efficacy as to be subjects of forgery there is an extensive note to the case of *People* v. *Munroe*, (Cal.) 24 L. R. A. 33.

tion to accept the order; citing Bish. Stat. Crimes (2d Ed.), §§ 328, 329; *State* v. *Lamb*, 65 N. C. 422; *State* v. *Leak*, 80 N. C. 403.

The English rule was originally as stated by the counsel for respondent, and the North Carolina cases follow the English rule; but the weight of authority is quite the other way. The words "any order * * * for money or other property" should be given their usual and accepted meaning. If the construction urged by counsel is to control, the evils which the statute sought to prevent may be suffered, and the offender go free. The criminally inclined would soon be so cunning as to frame the order in the form of a request, and direct it to one who was under no obligation to accept it, but who, nevertheless, would do so. The drawee of the order would be led to part with his money or property, the mischief would be accomplished, and the person wrongfully accomplishing it escape. We do not think this is consistent with the language of the statute, or the reason of its enactment. *State* v. *Holley*, 1 Brev. 35; *People* v. *Shaw*, 5 Johns. 236; *State* v. *Cooper*, 5 Day, 250; *Hoskins* v. *State*, 11 Ga. 92; *Com.* v. *Fisher*, 17 Mass. 46.

Judgment is affirmed.

The other Justices concurred.