## HARRY HICKSON V. STATE OF NEBRASKA.

FILED MAY 22, 1901.   NO. 11,916.

1. **Subject of Forgery:** FORM OF INSTRUMENT. An instrument in the following form is the subject of forgery: "Mr. Sage: Please let this boy have a single rig, a good one, and oblige. I will bring it back myself. [Signed] George Klinger."

2. **Order of Delivery:** WRITING OBLIGATORY. Such instrument is not only an order or request for the delivery of chattels over which Klinger had no control, but is also a writing obligatory within the meaning of section 145 of the Criminal Code.

ERROR from the district court for Cass county. Tried below before JESSEN, J. *Affirmed.*

*A. N. Sullivan,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

SULLIVAN, J.

Harry Hickson, the plaintiff in error, was convicted of the crime of forgery and sentenced to imprisonment in the penitentiary for a term of one year. The information upon which he was tried alleges: "James Sage now is, and for more than one year last past, has been engaged in the livery business, in the city of Plattsmouth, Cass county, Nebraska, and letting for hire, horses, harness and carriages; that in and by the words 'single rig' are meant, in said business, a horse harnessed to a carriage, and such is the custom, usage and understanding in said business; that one George Klinger, a resident of said city for more than one year last past, has been, during all of said time, a customer of said James Sage; that one Harry Hickson, late of the county aforesaid, in the county of Cass and state of Nebraska, on the 18th day of July, A. D. 1900, then and there being, then and there did unlawfully, feloniously, maliciously and falsely, and with

intent to defraud, make, forge and counterfeit a certain paper writing, purporting to be an order for the delivery of certain goods and chattels, and being of the tenor and effect following, to-wit: 'Mr. Sage: Please let this boy have a single rig, a good one, and oblige. I will bring it back myself. George Klinger.' (Meaning thereby an order to said James Sage to deliver a horse, harness and carriage to the bearer of said instrument, for the temporary use of said George Klinger, and that said George Klinger would return said horse, harness and carriage to the said James Sage, when through with the use thereof) all contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Nebraska."

It is, on behalf of Hickson, contended that this information does not charge a public offense, and that the judgment of the district court should be, therefore, reversed. "Forgery," says Mr. Bishop, "is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." 2 Bishop, New Criminal Law, sec. 523. The instrument in question meets the requirements of this definition and is fairly within the meaning of section 145 of the Criminal Code. If the order had been genuine; if it were what it purported to be, it would doubtless have enabled the defendant to obtain possession of a horse and vehicle, and it would have imposed upon George Klinger the legal duty of returning the same to the liveryman.

The authorities are not in entire accord as to the character of instruments which may be the subject of forgery, but according to all the decisions, both English and American, the writing fabricated by the defendant was within the inhibition of the statute. It possessed not only apparent, but real legal efficacy. In addition to being apparently capable of effecting a fraud, it would, if it were genuine, have created a legal liability. It was not only an order or request for the delivery of chattels

over which Klinger had no disposing power, but it was also a writing obligatory within the meaning of the law.

The judgment is

AFFIRMED.