## Court of Appeals.

### July, 1901.

## THE PEOPLE v. JOHN DRAYTON AND ARTHUR A. BOWEN.

### (168 N. Y. 10.)

1. FORGERY—INDICTMENT.

    If a paper set forth in an indictment and of which forgery is predicated does not, either upon its face or by the averment of extrinsic facts, affirmatively appear to be an instrument which, if genuine, would be operative, the indictment is bad as failing to state facts to constitute a crime.

2. APPEAL—CODE CRIM. PRO., SECTION 519.

    An appeal is given as matter of right from a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, by section 519, Code Crim. Pro.

Appeal from an order of the Appellate Division of the Supreme Court in the Fourth Judicial Department, made May 24, 1899, which reversed a judgment of the Monroe County Court sustaining a demurrer to an indictment charging defendants with the crime of forgery in the second degree and overruled such demurrer.

The facts, so far as material, are stated in the opinion.

Joel M. Marx, for appellants.

Howard H. Widener, for respondent.

O'BRIEN, J.: The defendants demurred to the indictment charging them with forgery on the ground that it did not state facts sufficient in law to constitute that crime.    The trial court sustained the demurrer, but the decision was reversed at the Appellate Division, and the defendants have appealed to this court from the order of reversal.    It is contended that the indictment charges the crime of forgery in the second degree, as defined by section five hundred and eleven of the Penal Code, in the following terms: "A person is guilty of forgery in the second degree who, with intent to defraud, . . . forges . . . an instrument or writing, being or purporting to be the act of another, by which a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged, or diminished, or in any manner affected, or by which any rights or property whatever are or purport to be or to have been created, transferred, conveyed, discharged, increased, or diminished, or in any manner affected."

The instrument or writing alleged to have been forged by the defendants is set forth in full in this indictment, and it is charged that it purports to create a pecuniary demand and obligation.    The following is a copy of the paper:

"ADVERTISING CONTRACT.

"No. 346.                                    ROCHESTER, 8 - 6, 1897.

"To the Publishers: You are hereby authorized to insert our advertisement for the Financial and Trade Guide for 1897-8. Edition to occupy the space of one-fourth page Adv. and 3 heading—for which We agree to pay the sum of ($15.) Fifteen Dollars.

"Name, Co-Operative Foundry Co.
"By whom signed, McCarthy.
"Address ..................

"On publication of advertisement.
"Not subject to cancellation.
"The publisher will not be bound by any agreement not stipulated therein."

It will be seen that this instrument is an order by a corporation addressed to some one called "Publishers," containing an offer to pay fifteen dollars for advertising. The indictment is silent with respect to the existence of any such business, project or enterprise as the "Financial and Trade Guide," and equally silent with respect to the existence or identity of the publishers. Whether such a book or advertising medium is or ever was published, or had any existence as a business project, cannot be ascertained from the indictment. No fact is alleged tending to show that any individual or corporation was engaged in its publication, or that the paper was addressed to any one upon whom it could operate as a fraud. It is not alleged that the paper was ever delivered or sent to any one with intent to defraud. It is alleged that the defendants forged it with intent to injure and defraud the corporation by whom it purports to be made, but on the face of the paper and without the aid of some extraneous fact, not averred, it is difficult to see how it was legally possible to accomplish that result.

The rule of pleading established in this state in such cases is that if the paper set forth in the indictment and of which the forgery is predicated does not, either upon its face or by the averment of extrinsic facts, affirmatively appear to be an instrument which, if genuine, would be operative, the indictment is bad as failing to state facts sufficient to constitute a crime. People v. Shall, 9 Cowen, 778; People v. Savage, 5 N. Y. Cr. Rep. 541; Fadner v. People, 33 Hun, 240; People v. Wilson, 6 Johns. 320; Cunningham v. People, 4 Hun, 455; People v. Harrison, 8 Barb. 560. The question here is whether the paper on its face creates or purports to create a pecuniary demand or obligation, since there are no extrinsic facts averred which would render it operative for any such purpose. It purports to be the act of a corporation, and McCarthy is the corporate agent who is represented as having executed it. It is not stated who McCarthy is, or that he was an officer of the corporation with authority, real or appar-

ent, to act for it, or whether he is a real or fictitious person. But the paper at most was nothing but an offer by a corporation to some undisclosed person or corporation, real or fictitious, to pay a certain sum of money upon the rendition of certain services. It was not in itself a contract or obligation of any kind. It might have been an offer to make a contract, but it does not appear that any one accepted the offer or acted upon it. Even if the order was a false paper, or a fabricated writing, yet since upon its face it was inoperative for any purpose and was never accepted, delivered to or acted upon by any one, it is not such an instrument as is described in the statute defining forgery in the second degree. This proposition is sustained by the discussion in the cases cited and by the decisions. It is considered sufficient for all the purposes of this case to cite them, without quoting the language employed in the discussion.

The appeal in this case is from an interlocutory order in a criminal case. It decides nothing except the sufficiency of a pleading. It is not a final judgment or a final order, and if it had been made in a civil case it would not have been reviewable in this court as matter of right. But the limitations of the Code of Civil Procedure upon appeals to this court have no application, since by the express terms of section five hundred and nineteen of the Code of Criminal Procedure, enacted since the present Constitution went into effect, an appeal is given as matter of right from a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, and this court has held that appeals in such cases are proper. People v. Willis, 158 N. Y. 392; People v. Klipfel, 160 N. Y. 371; People v. Kane, 161 N. Y. 380.

The order of the Appellate Division should be reversed and the judgment of the trial court affirmed.

BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; PARKER, Ch. J., not voting; GRAY, J., dissents.

Order reversed, etc.