## STATE v. BRADLEY.

'(*Jackson*.  April Term, 1906.)'

**FORGERY.**  May be committed by typewriting.

The crime of forgery may be committed by typewriting the body of and signature to an instrument which may be the subject of forgery.

---

FROM LAUDERDALE.

---

Appeal from the Circuit Court of Lauderdale County. —S. J. EVERETT, Judge.

ATTORNEY-GENERAL CATES, for the State.

STEELE & STEELE, for Bradley.

---

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The indictment in this case was rested on a very inartificial paper, the body and signature of which were typewritten and in the following words, to wit: "April 13, 1905.  Mr. Robert Woods, please let John Bradley have that suit and I will see that it is paid for the 17th of this month. $8.00.  [Signed] Mr. A. D. House, Agent. own hand print."

The indictment alleged that the defendant in error "unlawfully, fraudulently and feloniously did, by and with a typewriter, make, forge, and utter" this order on Robert Woods for a suit of clothes in the name of A. D. House to the "prejudice of the rights of said House." Upon motion the indictment was quashed, and the State has brought the case here and complains of error in this action of the court below.

Mr. Wharton, in his work on Criminal Law (volume 1, section 605), says: "That aside from writing by pen and ink, forgery may be committed by printing, by pencil writing, by the use of another's seal, by pasting one name on a note over another name, by photographic process, and by engraving or preparing materials for engraving . . ." This text of the author is abundantly supported by authority. We have no doubt of the soundness of the rule there announced.

It follows that the trial judge, in quashing the indictment, erred. His judgment is therefore reversed, and the case is remanded for trial.