ZACK THOSTESEN, APPELLEE, V. CHARLES W. DOXSEE ET AL., APPELLANTS.

FILED JANUARY 5, 1907. No. 14,470.

Lease: LIEN ON CROPS. A clause in a lease attempting to create a lien on the crops to be raised on the leased premises for the payment of rent reserved is ineffectual to create either a legal or an equitable lien on the crops grown thereafter on the leased premises. *Brown v. Neilson*, 61 Neb. 765, followed and approved.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*R. A. Moore,* for appellants.

*H. M. Sullivan,* contra.

OLDHAM, C.

On the 5th day of March, 1904, plaintiff leased to the defendants in writing a certain tract of land described in the lease and situated in Custer county, Nebraska, for a period of one year. The conditions of the lease material to the controversy were that the defendants were to pay $125 for the use of the pasture land on the leased premises, this agreement being evidenced by two promissory notes, one for $50 due October 1, 1904, and one for $75 due January 1, 1905, and that they were also to pay $1 an acre for all the land cultivated in millet, and to deliver to the plaintiff on the premises one-third of all the corn raised thereon. Plaintiff agreed to make certain repairs on the windmill on the place, and also reserved

the right, if it should be necessary to protect the crops, to employ men to cultivate and harvest the same at defendant's expense. The lease also contained the following condition: "It is further expressly agreed and understood between the parties hereto that all crops planted upon and all hay upon said land shall be charged with the payment of the rent thereof, and said second party agrees that the rent and the charges aforesaid are and shall remain a first mortgage lien on said product until fully paid." The defendants took possession of the premises under this leasehold agreement, and it is without dispute that they cultivated the premises in a good husbandman-like manner. The $50 note was paid without controversy, but in January, 1905, a dispute arose as to the amount due to plaintiff, because of a set-off claimed by the defendants for repairs that they had made on the windmill, and there was a dispute as to the amount due on the millet ground, and a further dispute as to whether or not the defendants were fairly dividing with th plaintiff the corn they had raised on the premises. Plaintiff thereupon sued out an injunction in the first instance to restrain defendants from prohibiting him from entering on the premises and taking his share of the corn, and by a supplemental order he asked to have the defendants enjoined from removing any of the crop from the premises until the rent had been fully paid. The clause of the lease before set out was alleged on in the petition, with an allegation that defendants were insolvent. A motion to dissolve the injunction and an answer to the merits of the petition were consolidated by agreement, and a hearing was had to the court, which found, in substance, that the defendants had tendered into court the proper amount due on the $75 note and for the rent of the ground planted in millet, but that there were 329 bushels of corn still due the plaintiff as rent corn, and the injunction was made perpetual, restraining the defendants from moving or feeding any of the corn raised on the leased premises until a commissioner appointed by the court should separate

from the corn on the place the 329 bushels found owing to the plaintiff. To reverse this judgment and order of the district court the defendants have appealed to this court.

The testimony in the record is neither clear nor convincing on the question of the insolvency of the defendants, nor is it satisfactory on the allegation that the corn was not properly divided by the defendants with the plaintiff when it was gathered. At the time the suit was instituted there were between 600 and 700 bushels of corn still standing in the field ungathered, but the evidence shows that this was not through the neglect of the defendants, but because of a snow storm in the month of December which covered up so much of the standing corn that it could not be gathered without waste until the snow melted. In fact, the record shows that the plaintiff requested the defendants not to gather this corn until the snow was gone, so that, as we view it, there is no ground for equitable relief disclosed by the evidence and pleadings, unless the clause in the lease providing for a lien on the crop raised for payment of the rent operated as an equitable mortgage upon the grain raised upon the leased premises. The question as to the validity of a similar clause in a lease was before this court and received careful consideration in the recent case of *Brown v. Neilson*, 61 Neb. 765, and it was there held that such a clause in the lease is ineffectual to create either a legal or an equitable lien for rents due and in arrears on the crop raised thereafter on the leased premises. The case is to be distinguished from *Ryan v. Donley*, 69 Neb. 623, in which an agreement to give a mortgage when the crops were in existence was enforced.

We are therefore of opinion that the learned trial judge erred in making the injunction prayed for perpetual, and we recommend that the judgment of the district court be reversed and the cause be remanded, with directions to dissolve the injunction heretofore granted, and to retain

the cause for a trial at law on the issues joined on the allegations of the conversion of the plaintiff's rent corn.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with directions to take further evidence, if offered, as to the insolvency of defendants and the equities of the parties.

REVERSED.