## COURT OF APPEALS.

### Dec. 31, 1912.

# THE PEOPLE v. OSCAR E. RISING.

(207 N. Y. 195.)

(1.) FORGERY *—WHEN CRIME COMPLETE.

The crime of forgery is complete when an instrument is made or altered with fraudulent intent, and the utterance of the instrument is not necessary.

(2.) SAME—WHEN AN INSTRUMENT IS MADE, FORGED, ALTERED AND COUN-
TERFEITED BY ONE PERSON PURPORTING TO BE THE ACT OF ANOTHER
WITH INTENT TO DEFRAUD, THE UTTERANCE OF THE INSTRUMENT IS
NOT NECESSARY TO CONSTITUTE A CRIME.

An indictment charging the defendant with having " Made, forged, altered and counterfeited a certain written instrument purporting to be the act of another," in the words following: " A. Neiman. Sir: Kindly let the bearer, Mr. B. L. Myer, have anything he may need in clothing, to the amount of $15.00, and send the bill to me. Lee Richmond," with the intent to defraud Abe Neiman and divers other persons to the grand jury unknown, states a crime. (Penal Law, § 887; People v. Drayton, 168 N. Y. 10, explained.)

People v. Rising, 148 App. Div. 935, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department entered January 24, 1912, which affirmed an order of the Monroe County Court sustaining a demurrer to an indictment.

The facts, so far as material, are stated in the opinion.

*John W. Barrett, District Attorney (James Mann* of counsel), for appellant. The instrument set forth in the indictment is the subject of forgery on its face, and

---

* See Note on Forgery, Vol. 24, page 351.

extrinsic facts, showing it to be an operative instrument, are not required to be pleaded. (Penal Law, § 887, subd. 2; People v. Stearns, 23 Wend. 637; Noakes v. People, 25 N. Y. 380; Rosekrans v. People, 3 Hun, 287; People v. Hoyt, 145 App. Div. 695; L. 1801, ch. 54; People v. Shaw, 5 Johns. 236; People v. Dewey, 35 Hun, 308; People v. Rynders, 12 Wend. 425; Holmes v. People, 15 Abb. Pr. 154; Garmire v. State, 104 Ind. 444.)

*Homer E. A. Dick* for respondent. The indictment does not state facts sufficient to constitute the crime of forgery in the second degree. (People v. Underhill, 142 N. Y. 38; People ex rel. Isaacson v. Fallon, 202 N. Y. 456; Wilson v. State, 75 S. W. Rep. 504; People v. Parker, 114 Mich. 442; People v. Smith, 112 Mich. 192; State v. Harroun, 199 Mo. 519; Comm. v. Dunleavy, 157 Mass. 386; People v. Drayton, 168 N. Y. 10; Noakes v. People, 25 N. Y. 380; People v. Sheffield, 206 N. Y. 79.)

CULLEN, Ch. J. The first count of the indictment charged the defendant with having "Made, forged, altered and counterfeited a certain written instrument purporting to be the act of another," in the words following: " A. Neiman.    Sir: Kindly let the bearer, Mr. B. L. Myer, have anything he may need in Clothing, to the amount of $15.00, and send the bill to me.    Lee Richmond," with the intent to defraud Abe Neiman and divers other persons to the grand jury unknown. The second count charged the defendant with uttering the forged instrument.

To this indictment the defendant demurred on several grounds, only one of which it is necessary for us to notice, to wit, that the facts stated in the indictment did not constitue a crime. This was the ground on which the decision of the County Court proceeded. No opinion was written by the

Appellate Division. The claim of the respondent is that the facts stated did not constitute a crime because the instrument alleged to be forged was not the subject of forgery, or, at least if it could be the subject of forgery, it could be so only by reason of extrinsic facts, of allegations as to which the indictment is wholly barren. This contention is based on the proposition that the liability purporting to be imposed by the instrument on its maker is not absolute, but contingent upon the drawee or person to whom it is addressed delivering the goods, a fact which is not alleged. That proposition is entirely accurate, and if an instrument which creates a contingent liability only is not the subject of forgery, the demurrer was properly sustained. Nor in that view of the law do I see how any allegation that the order was presented to Neiman and that he parted with property on the faith of it would tend to sustain the indictment as one for forgery. It is the settled law that the crime of forgery is complete when the instrument is made or altered with fraudulent intent, and the utterance of the instrument is not necessary. (2 Russell on Crimes, 318; 2. Wharton's Am. Crim. L. [6th ed.] sec. 1418; 2 Bishop's Crim. L. [4th ed.] secs. 560, 563; Commonwealth v. Ladd, 15 Mass. 526.) Therefore, if the presentation to Neiman was necessary to constitute the offense and should have been alleged, it would seem that the crime would not be forgery, but fraud or false pretenses, which under the present law is larceny. " Extrinsic facts are necessary to be stated only when the operation of the instrument upon the rights or property of another is not manifest or probable upon the face of the instrument." (2 Wharton's Am. Crim. L. sec. 1487. See People v. Stearns, 23 Wend. 634.) It is conceded that the direction " send the bill to me " imports, as a matter of law, a promise to pay.

To return to the contention that an instrument creating a contingent liability only is not the subject of forg-

ery, the proposition is certainly a far-reaching one, for it would seem to exclude all letters of credit, liability on which becomes absolute only by the advance of money on the faith of the instrument. But a substantially unbroken line of authorities shows that such is not the law. In Rex v. Ward (2 Ld. Raymond, 1461) nearly all the earlier cases on the subject of forgery are cited and analyzed, and it is there stated that in Savage's case (Style, 12) a person was indicted for forging letters of credit. Of the Ward case, Mr. Chitty (3 Crim. L. p. 1022) says that it was there held that forgery at common law might be committed in respect to any writing whatever by which another might be defrauded, and that " A distinction, at the same time, was marked out between forgery and fraud; that the last must· actually take effect, while the first was complete, though no one was actually injured, if the tendency and intent to defraud were manifest." Mr. Greenleaf says (Greenleaf on Evidence, vol. 3, sec. 103) it " May be committed· of any writing which, if genuine, would operate as the foundation of another man's liability." Mr. Wharton says (2 Am. Crim. Law (6th ed.) sec. 1419): " The instrument must be such, when forged, that it *does or may* tend to prejudice the rights of another, though actual injury need not be proved." Mr. Bishop says (1 Crim. L. sec. 572): " It is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability." In Maine it was held that the false making of an instrument which might operate as a letter of credit was forgery at common law. (Ames Case, 2 Greenleaf, 365.) Orders for the delivery of goods on the responsibility of the alleged maker have been held the subject of forgery in all the states where the question has arisen so far as my research goes. (Commonwealth v. Fisher, 17 Mass. 46; People v. James, 110 Cal. 155; State v. Cooper, 5 Day [Conn.], 250;

People v. Phillips, 118 Mich. 699; Chidester v. State, 25 Oh. St. 433; Garmire v. State, 104 Ind. 444; Anderson v. State, 65 Ala. 553; Burke v. State, 66 Ga. 157; State v. Wingard, 40 La. Ann. 733; State v. Gullette, 121 Mo. 447; Hickson v. State, 61 Neb. 763; State v. Lane, 80 N. C. 407; State v. Holley, 1 Brev. [S. C.] 35; State v. Bradley, 116 Tenn. 711; Rollins v. State, 22 Tex. App. 548.) Though when the instrument did not pledge the maker's responsibility, it has been held in some jurisdictions that it was not the subject of forgery. (Shannon v. State, 109 Ind. 407; Crawford v. State, 40 Tex. Crim. R. 344.)

We now come to the legislation and decisions of this state. By chapter 54 of the Laws of 1801, reproduced in the Revised Laws (L. 1813, ch. 44, p. 404), it was enacted that the forgery of many instruments enumerated, including " any warrant or order. for payment of money or delivery of goods, whether such order purports to be the order of the owner of the goods or money specified therein, or of some person who claims any interest in the same, or of any other person with intention to defraud any. person or body politic or corporate whatever," should constitute a felony. Under that statute a person was indicted for forging this order: " Mr. Seward. Sir, Let the bearer trade thirteen dollars, twenty-five cents, and you will much oblige yours, etc. August 16, 1809. Samuel Layton." It was held that this was an order for the delivery of goods and a conviction of the defendant for forgery was sustained. (People v. Shaw, 5 Johns. 236.)

The law of 1813 was superseded by the Revised Statutes of 1830 which enacted (2 R. S. p. 673, sec. 33): " Every person who, with intent to injure or defraud, shall falsely make, alter, forge, or counterfeit * * * Any instrument or writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or shall purport to be, created, increased, discharged or diminished,

or by which any rights or property whatever, shall be, or purport to be, transferred, conveyed, discharged, diminished or in any manner affected, the punishment of which is not herein before prescribed: By which false making, forging, altering or counterfeiting, any person may be affected, bound, or in any way injured in his person or property, upon conviction thereof, shall be adjudged guilty of forgery in the third degree." This provision of the Revised Statutes was almost literally re-enacted (the variation in phraseology being trivial and not altering the effect of the statute except that the offense was made forgery in the second degree) in section 511 of the Penal Code, and now appears as section 887 of the Penal Law. The revisers in their notes stated that the Revised Laws contained an enumeration of a great number of instruments specifically described as the subject of forgery, which had given rise to many questions as to what cases fall within its terms, and that " To avoid cavil, to reach every case of forgery that has ever been committed, or that can ever be committed, and to afford a definite and distinct rule, the preceding section has been prepared." (5 Edmunds Stat. at Large, p. 546.) If the expectations of the revisers were justified, and it is difficult to conceive of language more comprehensive, the instrument in the present case was the subject of forgery, for in addition to the request to deliver the goods found in the order in People v. Shaw (supra), it contains a promise on the part of the maker to pay for the same.

After the enactment of the Revised Statutes the question again arose whether a particular instrument was the subject of forgery. In People v. Stearns (21 Wend. 409; affd. in Court of Errors, 23 Wend. 634) a conviction for forgery of the following instrument was upheld: " To the Cashier of the Union Bank: Sir, Please deliver to Messrs. Burton, Gurley & Edmonds the plates of our bank, and receive them again on deposit, and oblige your Obed't serv't, G. C.

Gwathmay, Cashier." In Noakes v. People (25 N. Y. 380) the prisoner was indicted for the forgery of this order: " Please send, through bearer, 6 doz. 476 table knives (then enumerating other articles). Charge, and send bill to W. I. F. Daily & Co.". The prisoner's counsel requested the court to charge that the instrument set forth in the indictment was not on its face the subject of forgery. The request was refused, to which the prisoner excepted. The conviction was sustained, the court saying of the instrument, " It therefore falls directly within the language of the section of the statute," and citing with approval the language of the Court of Errors in the affirmance of People .v. Stearns (*supra*) : " The legislature, by the thirty-third section of the article of the Revised Statutes, relative to forgery, made a sweeping provision, which unquestionably embraces every other forgery of a writing, purporting to be the act of another person, which was by the common law a misdemeanor or a criminal offence; that is, *every other forgery by which it is possible that any individual, or body politic or corporate, can be injured in any way, in his person or estate.*" (pp. 382, 384.) The point involved in the *Noakes* case is the same as that presented by the demurrer in this case.

Several cases are cited by the learned counsel for the respondent to support his position. On examination they appear not to be in point. In People v. Farrington (14 Johns. 348), which arose under the statute of 1813, the order was to pay $1,500 in " N. Myer's bills or yours." The instrument was held not the subject of forgery because it was not for the payment of money nor for the delivery of goods, Myer's bills being neither. In People v. Shall (9 Cow. 778) the instrument promised to pay three dollars in shoemaking. In that case the ruling was the same, on the ground that it was an order neither for the payment of money nor the delivery of goods, but for services. The other decisions proceeded either

on the ground that the instrument was void and, therefore, could not create any liability, or because it was such that the court could not see on the face of the instrument alone, without the aid of extrinsic facts, how it could be made the foundation of any liability.   Of course neither ground is present in this case.   The instrument is not void, but valid, and it is apparent that it can be used to defraud either the maker of the price of the property unless he can prove that the instrument was a forgery, or the drawee of his property if such fact is shown.

The principal reliance, however, in support of the ruling below is the decision of this court in People v. Drayton (168 N. Y. 10, 16 N. Y. Crim. 1).   There is to be found in the opinion rendered in that case a reference to the fact that there was no charge that the instrument was delivered to or acted upon by any person.   The decision, however, did not proceed on that ground, but because in the opinion of the court the instrument was void on its face, or at least inoperative without the allegation of extrinsic matter.   This clearly appears by a reference to the authorities cited in the opinion in each of which the instrument before the court was held void or inoperative.   We are of the opinion that the casual remark of the learned judge who wrote the opinion made *arguendo* cannot be considered as overruling the unbroken line of authority in this state, and that the instrument before us was the subject of forgery, for by it a person might be bound, affected or in some way injured in his property.

The order of the Appellate Division and that of the County Court should be reversed and the demurrer to the indictment overruled.

GRAY, HAIGHT, WERNER, CHASE and COLLIN, JJ., concur; VANN, J., concurs in result.

Order reversed, etc.