The People of the State of New York ex rel. Horace Luther Arter, Relator, against John F. Foster, as Warden of Auburn State Prison, Defendant.

Supreme Court, Equity and Special Term, Cayuga County, April 24, 1951.

*H. Nile Eddy* for relator.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.,* of counsel), for defendant.

BLAUVELT, J.  Relator was convicted of the crime of forgery in the second degree, in violation of subdivision 2 of section 887 of the Penal Law, in Monroe County Court on March 12, 1948, on his plea of guilty to the first count of an indictment.  He was sentenced on April 5, 1948, to serve an indeterminate term of from one to five years in State prison, the maximum of which sentence has not yet expired.

Relator seeks his discharge from imprisonment in this habeas corpus proceeding, claiming that the Monroe County Court never acquired jurisdiction because the indictment was invalid on the face thereof.

This first count of the indictment, which is the only count thereof with which we are concerned, sets forth the instrument alleged to have been forged, *in haec verba,* as follows:

· Runds Oyster Bar
and Grill

| Date | Server | No. Persons | Check |
|------|--------|-------------|-------|
| 17 | 12 | | 73158 |

| Portions | | Beverages | Food |
|----------|-----|-----------|------|
| | Bar | | 55 |
| | Clam C | | 50 |
| | Bar | | 15 |
| | Bar | | 1 10 |
| | | | 2 30 |
| | Bar | | 1 65 |
| | | | 3 95 |

R. Hichoh

Please Pay at Table

Moore Business Forms, Inc., Elmira, N. Y.

Relator contends that the facts stated in the indictment do not constitute a crime because the instrument alleged to be forged, i.e., the so-called '' guest check '', could not be the subject of forgery. We cannot agree with this contention. The instrument forged by relator purported to be the act of one, '' R. Hichoh '' whose name was signed thereto by relator. If the instrument had been genuine, it would have operated to create a liability on the part of Mr. Hichoh to pay the amount of the check and also certainly purports to affect the property rights of the person whose name was forged. This writing alleged in the indictment on which the forgery is predicated would be operative, if genuine, and the facts sufficiently state a crime and the court had jurisdiction to render the judgment. (See *People* v. *Drayton*, 168 N. Y. 10; *People* v. *Rising*, 207 N. Y. 195.)

The other claim of the relator, though novel, is unconvincing. Relator's counsel executed and verified the petition filed on the application for this writ and also filed a memorandum of law herein. In the petition and memorandum and on the oral arguments, relator's counsel contended that even if it were to be held that the '' guest check '' could be the subject of forgery, such a charge could not be predicated on this particular '' guest check '' because it was an illegal, unenforcible and void instru-

ment.  This conclusion of relator is founded upon his statements that the four items listed " Bar " on the " guest check " represented charges for alcoholic beverages, for the sale of which extension of credit by a retail licensee is prohibited.  (See Alcoholic Beverage Control Law, § 100, subd. 5; § 130, subd. 3.)  There is nothing apparent from an inspection of the indictment upon which to reach the conclusion urged by relator.  The charges for the " Bar " items are listed in the column designated " Food " and not in the " Beverages " column.  There is nothing to show that these " Bar " items were charges for alcoholic beverages.  They could represent food or nonalcoholic beverage items.  Furthermore, it cannot be determined from the indictment that Rund's Oyster Bar and Grill did not have a club license or a hotel license, in either of which case sales of alcoholic beverages on credit are permitted to members or guests.

If relator had demanded trial of the indictment, rather than having entered a plea of guilty thereto, this issue now urged could have been tried by the court if raised as a defense to the charge.  But a writ of habeas corpus is not a proceeding whereby a person convicted of a crime can obtain a retrial of the charges contained in an indictment.

It is the opinion of this court that the indictment on the face thereof states facts sufficient to constitute the crime of forgery in the second degree.

Writ dismissed.

Submit order.