618 F.2d 969
 CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION OF LONG ISLAND,
Plaintiff-Appellant,
v.
Richard L. ROUDEBUSH, Administrator of Veterans Affairs, and
the United States of America, Defendants-Appellees.
CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION OF LONG ISLAND,
Plaintiff-Appellant,
v.
Max CLELAND, Administrator of Veterans Affairs, and the
United States of America, Defendants-Appellees.
 Nos. 356-7, Dockets 79-6144, 6178.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 12, 1979.
Decided March 17, 1980.
 
 Samuel M. Golden, Lawrence, N. Y. (Blum, Ross, Weisler, Bergstein & Golden, Lawrence, N. Y., on brief), for plaintiff-appellant.
 Robert L. Begleiter, Asst. U. S. Atty., E. D. New York, Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., E. D. New York, Brooklyn, N. Y., on brief), for defendants-appellees.
 Before LUMBARD, FEINBERG and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 The issue in this case is whether the assignee of a mortgage guaranteed by the United States Veterans Administration as provided for in Chapter 37 of 38 U.S.C. can recover under the guaranty if the mortgagor's signature on certain critical documents was forged. The district court held that it could not. We agree.
 
 
 2
 In 1973, Inter-Island Mortgage Corporation of Jamaica, New York, submitted two applications for home loan guaranties to the Veterans Administration, one for a Roy Brown and the other for a Gordon Bussey. The V.A. issued certificates of commitment for the loans pursuant to which it guaranteed sixty percent of their face value in the event of a default. The mortgages subsequently issued were purchased from Inter-Island by appellant Century Federal Savings and Loan Association. When the mortgages went into default, appellant filed claims with the V.A., for reimbursement under the guaranties. Although appellant was a bona fide purchaser for value, the claims were rejected because it was discovered that Brown's signature on the mortgage and mortgage application documents, Bussey's signature on the guaranty application and sales contract, and Mrs. Bussey's signature on the bond and mortgage were forged. These suits followed, and, after a consolidated, non-jury trial before Judge Weinstein in the Eastern District of New York, the complaints were dismissed.
 
 
 3
 Appellant bases its right of recovery on the first two sentences of 38 U.S.C. § 1821 which read as follows:
 
 
 4
 Any evidence of guaranty or insurance issued by the Administrator shall be conclusive evidence of the eligibility of the loan for guaranty or insurance under the provisions of this chapter and of the amount of such guaranty or insurance. Nothing in this section shall preclude the Administrator from establishing, as against the original lender, defenses based on fraud or material misrepresentation.
 
 
 5
 Appellant interprets these sentences to mean that the guaranty issued by the V.A. is conclusive evidence of the government's liability, except as to original lenders guilty of fraud or material misrepresentation. However, appellant's interpretation is not consistent with the legislative history of the veterans loan statutes.
 
 
 6
 The Servicemen's Readjustment Act of 1944, Pub.L.No. 346, 58 Stat. 284, provided that any veteran who had served in the active military or naval service after September 16, 1940 and who was not dishonorably discharged might apply to the Administrator of Veterans Affairs within two years after his separation from the service or the end of the War for a home loan guaranty. If the Administrator found that the veteran was eligible for the benefits of the Act and that the loan applied for appeared practicable, he was to issue the guaranty. Id. § 500(a), 58 Stat. at 291.
 
 
 7
 In 1945, section 500(a) was amended to provide that any veterans loan which complied with the provisions of the title would be automatically guaranteed in an amount not exceeding fifty percent of the loan. Act of Dec. 28, 1945, Pub.L.No. 268, 59 Stat. 623, 626. Section 500(c) was also amended to provide that a veteran's honorable discharge should be deemed a "certificate of eligibility" to apply for a loan and that any veteran who did not have a discharge certificate or who had received a discharge other than honorable might apply to the Administrator for a "certificate of eligibility." Id. at 627. This provision is now contained in 38 U.S.C. § 1802(c), which also provides:
 
 
 8
 The Administrator shall also endorse on the veteran's discharge, or eligibility certificate, the amount and type of guaranty used, and the amount, if any, remaining.
 
 
 9
 Although the qualifications for eligibility have changed somewhat since the enactment of the Servicemen's Readjustment Act of 1944, it is clear from the statutory history that "eligibility" as used in Section 1821 has nothing to do with the authenticity of signatures. A mortgagor passes the test of eligibility if he has satisfied the statutory prerequisites for the making of the guaranty, and the forgery of his signature bears no relationship to those prerequisites. Mt. Vernon Cooperative Bank v. Gleason, 367 F.2d 289, 291-92 (1st Cir. 1966). The V.A. has interpreted the statute in this manner since 1948, when it enacted the authorized implementing regulations:
 
 
 10
 "Subject to the incontestable provisions of 38 U.S.C. 1821 as to loans guaranteed or insured on or subsequent to July 1, 1948, there shall be no liability on account of a guaranty or insurance, or any certificate or other evidence thereof, with respect to a transaction in which a signature to the note, the mortgage, or any other loan papers, or the application for guaranty or insurance is a forgery; or in which the certificate of discharge or the certificate of eligibility is counterfeited, or falsified, or is not issued by the Government." 38 C.F.R. § 36.4325(a).
 
 
 11
 The interpretation of a statute by the agency charged with its enforcement is entitled to substantial deference, particularly where the interpretation is one of long standing. Udall v. Tallman, 380 U.S. 1, 16-18, 85 S.Ct. 792, 801-802, 13 L.Ed.2d 616 (1965). The V.A.'s construction of section 1821 has had public acceptance for over 25 years. See R. Kimbrough & J. Glen, American Law of Veterans, § 409 at 288-289 (W. Shipley rev. 1954); Mt. Vernon Cooperative Bank v. Gleason, supra, 367 F.2d at 292-293; Union Mortgagee Corp. v. Roudebush, No. 77 C 369 (E.D.N.Y. Apr. 25, 1978). It is consistent with the generally accepted rule in the field of negotiable instruments, which treats a forged signature as "wholly inoperative", even as against a holder in due course. See N.Y.U.C.C. § 3-404 (McKinney 1964); Brannan, Negotiable Instruments Law § 23 at 437 (7th ed. Beutel 1948). Appellant has advanced no convincing reason why it should now be rejected.
 
 
 12
 Appellant has ingeniously attempted to bring "forgery" within the definition of "fraud", so that, under section 1821, it might be asserted as a defense only as against the original lender. We are not persuaded. Fraud, as distinguished from intent to defraud, has never been an essential element of forgery, and they are clearly distinct wrongs. People v. Rising, 207 N.Y. 195, 198, 100 N.E. 694 (1912); Milton v. United States, 71 App.D.C. 394, 399, 110 F.2d 556, 561 (D.C.Cir.1940). The V.A. has not treated them alike, even with respect to original lenders. Under the V.A.'s regulations, fraud may not be interposed as a defense against a lender or holder unless that person or that person's agent has participated in the fraud.[1] Forgery, on the other hand, is a good defense against a lender or holder even though that person is innocent of any wrongdoing. Mt. Vernon Cooperative Bank v. Gleason, supra, 367 F.2d at 290. This, in substance, is how forgery is treated in the law of negotiable instruments. There is nothing to indicate the Congress intended any other manner of treatment in the law applicable to the guaranteed loans of veterans.
 
 
 13
 The judgments appealed from are affirmed.
 
 
 
 [1]
 38 C.F.R. § 36.4325(a)(1) provides in part as follows:
 "Except as to a holder who acquired the loan instrument before maturity, for value, and without notice, and who has not directly or by agent participated in the fraud, or in the misrepresentation hereinafter specified, any wilful and material misrepresentation or fraud by the lender, or by a holder, or the agent of either, in procuring the guaranty or the insurance credit . . . shall constitute a defense against liability on account of the guaranty or insurance of the loan in respect to which the wilful misrepresentation, or the fraud, is practiced . . . ."