THE STATE OF IOWA, Appellant, v. D. F. DORRANCE, Appellee.

Forgery: ALTERATION OF RECEIPT. A statement of account entitled as against the "Steamer Irene," of which the defendant was part owner, was paid by the defendant, and receipted by the creditor. Afterwards the defendant inserted in said statement, after the name of the steamer, the word "and," with his own name, and upon being sued by said creditor upon another account of later date against him individually and for different merchandise, exhibited said receipt to the justice, before whom said action was pending, as evidence that the account in suit had been paid. *Held*, that the alteration did not change the legal effect of the receipt, and did not, therefore, amount to a forgery.

*Appeal from Scott District Court.*—HON. A. HOWAT, Judge.

WEDNESDAY, OCTOBER 19, 1892.

THE defendant was indicted and tried for the crime of forgery. At the conclusion of the evidence intro-

duced by the state the court, on the defendant's
motion, instructed the jury to return a verdict of "not
guilty," "upon the ground that the instrument as
altered is not a false instrument, and that the altera-
sion does not make any material change in the instru-
ment itself." A verdict of "not guilty" was returned,
and judgment entered discharging the defendant. The
state appeals.—*Affirmed*.

*John Y. Stone*, Attorney General, and *Fred Heinz*,
County Attorney, for the State.

*Davison & Lane* and *J. A. Hanley*, for appellee.

GIVEN, J.—The single question presented by this
appeal is whether the court erred in sustaining the
defendant's motion for a verdict upon the ground
stated. The instrument claimed to have been forged
is a statement of an account as follows:

"Le Claire, Iowa, July 2, 1890. Str. Irene and
D. F. Dorrance bought of F. P. Schworm, dealer in
staple and fancy groceries and hardware. Steamboat
supplies a specialty."

Following this is an enumeration of seventeen
different items of merchandise as purchased on different
dates in March, April, and June, 1887, with the price
of each item, the whole amounting to twenty-nine
dollars and sixty-two cents. Immediately following
the enumeration of items and the footing is the following
receipt:

"Received payment in full.
"[Signed.]           F. P. SCHWORM. C."

The claim of the state is that the account, as
originally made out and receipted, was against the
steamer Irene D., and that the defendant inserted
therein the words "and" and "D. F. Dorrance," as
shown above, and that he did so with intent to defraud

F. P. Schworm by making said receipted account an acquittance or accountable receipt to himself. The evidence for the state shows that the receipted account was for merchandise sold to the steamer Irene D., of which the defendant was a part owner; that the account was originally made out against the steamer Irene D., and paid by the defendant; that upon receiving payment, F. P. Schworm receipted the account as shown above, and delivered the same to the defendant. It also appears that upon different dates in March and December, 1889, and June, 1890, F. P. Schworm sold to the defendant, upon his individual credit, items of merchandise differing in kind, quantity, and price from those sold to the steamer Irene D., which account amounted to twenty-eight dollars, and forty cents. F. P. Schworm brought suit before a justice of the peace against the defendant upon the last named account. Upon the day of the trial this defendant handed said receipted account to the justice, and claimed that he did not owe F. P. Schworm anything. The receipted account, when handed to the justice, showed that it was against the steamer Irene and D. F. Dorrance.

Assuming that the defendant did make the alteration claimed, our inquiry is whether under the facts and the law that alteration constitutes forgery. It is not every making or altering of a record or instrument, such as are enumerated in the statute as the subjects of forgery, that constitutes that crime. It is only where the making or alteration brings into existence a false record or instrument. Code, section 3917; *State v. Johnson*, 26 Iowa, 407. In that case it is said "that forgery is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability." This definition is in harmony with those found in the books. The defendant, as part

owner of the steamer Irene D., was certainly privileged to pay the account against the boat, whether personally liable therefor or not. He did pay it, and received the account receipted in full. It will be observed that the receipt is, according to the face of the account, to the "Steamer Irene and D. F. Dorrance," and not to either as distinct from the other. It is not a receipt to these, or either of them, in full of all demands, but only in full of that particular demand. For the defendant to . have inserted his name in the account, as is claimed, did not change the legal efficacy of the instrument. Taken as a whole, it showed payment of that particular account alone, and its legal efficacy is in nowise changed by the presence or absence of the defendant's name. The alteration claimed to have been made by the defendant was not an alteration in a material respect. It did not change the legal effect of the instrument, and was not therefore such a false altering thereof as to constitute forgery. As we have said, the receipt was simply in full of that account; it was not evidence of payment of the account upon which this defendant was sued. That was an account against other parties for entirely different items sold upon different days and for different amounts. We think the district court properly held "that the instrument, as altered, is not a false instrument, and that the alteration does not make any material change in the instrument itself."

The judgment of the district court is AFFIRMED.