THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FANNIE
ESRIG and Another, Appellants.

Third Department, March 15, 1934.

*Stanton & Goldstein* [*Samuel W. Esrig* of counsel; *Harry Zucker*
with him on the brief], for the appellants.

*William Deckelman, District Attorney,* for the respondent.

HEFFERNAN, J. In the month of April, 1930, the appellant
Fannie Esrig and one Philip Handelman, the complainant, agreed
in writing to become copartners for the purpose of conducting a
hotel during the summer season of that year at Thompsonville,
Sullivan county, N. Y. Under the terms of the written agreement
all partnership funds were to be deposited in a joint account subject
to withdrawal only upon the signatures of both partners. In
accordance with such agreement the partners opened an account
in the South Fallsburg National Bank at which time they specifically
instructed the cashier of that institution that only checks bearing
both signatures were to be honored.

The appellant Nat Esrig is a son of the coappellant, and was
employed in various capacities by the partnership during its exist-

ence. It is admitted that neither of the partners can read or write English; both can, however, sign their names and read and write numbers.

On August 20, 1930, a check against the partnership account, payable to cash, written by appellant Nat Esrig, was signed by the partners. There is a serious dispute as to the amount for which this check was written. Handelman testified that when Nat Esrig presented the instrument to him for his signature it called for a payment of $50. Appellants assert that it was drawn for $1,250. On September 2, 1930, both appellants presented the check in the sum of $1,250 for payment at the bank and appellant Fannie Esrig received the proceeds in cash. This transaction led to the arrest, indictment and conviction of mother and son upon the charge of forgery in the second degree. The judgment of conviction is the subject of this review.

There is sufficient evidence to sustain the jury's verdict that the check in question was originally drawn for $50, and that after Handelman's signature thereto had been obtained it was altered by appellants and raised to $1,250.

Two questions of law are presented. Appellants' counsel contends that because the son received none of the money thus withdrawn and also because he was acting in a purely ministerial capacity he is guilty of no crime. He attacks the judgment as to the mother on the ground that there can be no forgery between partners in regard to partnership funds.

Forgery, so far as it relates to this case, may be described as the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of liability. (*State* v. *Dorrance*, 86 Iowa, 428.) Fraudulent intent is of the essence of the crime. The intent to defraud is not limited to obtaining money or property; it is sufficient if the forged instrument is to the prejudice of the rights of some person. Nor is it requisite that the expected advantage should accrue to the guilty person or even that he should intend to profit by the act complained of. (26 C. J. 904.) The intent to defraud need not look to the personal advantage of the perpetrator, or be carried out to a successful accomplishment. (12 R. C. L. 143.) It is the settled law that the crime of forgery is complete when the instrument is made or altered with fraudulent intent, and the utterance of the instrument is not necessary. (*People* v. *Rising;* 207 N. Y. 195.) Applying these rules to the facts in this case it is of no importance whether appellant Nat Esrig profited or not by the alteration of the check. He gave form to a writing which was not what it purported to be. That he did so with intent to defraud

is evident. The jury was justified not only in finding that he made a writing which prejudiced another's right with intent to defraud but that he uttered the same knowing it to be forged.

The question whether appellant Fannie Esrig can be guilty of forgery based on the proof in this record presents a novel inquiry. There are no precedents on the subject in this State and, so far as our research discloses, very few in other jurisdictions.

The powers, duties and liabilities of partners, as between themselves, depend upon and are governed by the articles of agreement. In this case the partnership agreement is specific that no funds could be withdrawn from the copartnership account without the signatures of both partners. It is obvious that under the prohibition contained in the agreement the rights of each partner were restricted in respect to the drawing of checks. Every partner in a commercial partnership, apart from any special powers conferred on him by the articles of copartnership, is not only a principal but also a general and authorized agent of the firm, and the agent of all the partners for all purposes within the scope and objects of the partnership. (20 R. C. L. 882, 883; *King* v. *Sarria*, 69 N. Y. 24; *Wheeler* v. *Sage*, 1 Wall. 518.) There is abundance of authority for the proposition that an agent may commit forgery by making or signing an instrument in disobedience of his instructions or in the improper exercise of his authority. (*People* v. *Dickie*, 62 Hun, 400; 26 C. J. 898, and cases there cited.)

Appellant Fannie Esrig relies on *Commonwealth* v. *Brown* (10 Phila. 182) as a complete defense to the charge of forgery. In that case it was held that a partner using the firm name in an instrument with intent to defraud the copartnership was not guilty of forgery. Brown, the indicted partner, was a member of the firm of McCleary & Brown. He collected money of the firm, appropriated it to his own use and told McCleary that he had invested it in coffee and exhibited a receipt in support of his statement. The receipt was forged. The principle on which the decision is based is that the partnership relation makes a partner a principal in respect to the partnership property as well as an agent. To sustain its conclusion it is apparent from the opinion that the court relied largely upon cases holding that a partner cannot be guilty of embezzlement or larceny of partnership property because he is both principal and agent. (*Matter of Sanders*, 23 Ariz. 20; *State* v. *Matthews*, 129 Ind. 281; *Manuel* v. *State*, 44 Tex. Crim. 433.) The *Brown* case is clearly distinguishable from the case at bar. In that case there was no limitation on the authority of the partners with respect to the assets of the firm. Here the authority of the partners was expressly limited. Appellant in this case procured her partner's

signature to a check for a trifling amount. Without his authority and with intent to defraud him the check was subsequently altered at her direction with the result that she appropriated to herself practically all the partnership money. The rights of the partners *inter se* to the partnership assets have no bearing upon such a case. This is not a question simply involving the rights of the partners to the common property. It is a plain case of one partner perpetrating a fraud upon her copartner for the sole purpose of cheating him out of his property. We should not resort to some technicality to hold her guiltless.

In *State* v. *Sotak* (100 W. Va. 652) the West Virginia Supreme Court of Appeals held that where a fund was deposited in the joint name of two persons who were partners, with the express understanding and agreement that the same should only be used for an agreed purpose and should not be withdrawn from the bank except upon the signature of both, negatives the implied authority of either to withdraw the same; and that where one of the partners signed his own and the other's name to a check by which the fund was withdrawn, to the prejudice of the other, he was properly convicted of forgery.

In *Matter of Dixon* (2 Lewin C. C. 178) the prisoner and the prosecutors were members of a trade society. The fund was put in the bank and was not to be paid out unless all attended to receive it. The prisoner went to the bank with two other persons, who impersonated the prosecutors, and drew out the money. It was held to be forgery on the part of the prisoner.

In *Rex* v. *Holden* (1 K. B. 483; Ann. Cas. 1912B, 700, C. C. A.) a partner, who, without authority and with intent to defraud, accepted a bill of exchange in the name of the firm, was held to be guilty of forgery.

We are satisfied that the principle on which these decisions are based applies here and that the judgment of conviction in each case should be affirmed.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Judgment of conviction affirmed.