THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY F. CLARK, Defendant.

County Court, Tioga County, October 29, 1947.

*Harry S. Travis* for defendant.

*Herbert H. Smith, District Attorney,* for plaintiff.

CLOHESSY, J. Defendant was indicted by a Grand Jury of the County of Tioga on the 20th day of May, 1947, which indictment charged him in several counts with the offense of forgery in the second degree. On the 8th day of July, 1947, he interposed a demurrer and made a motion to dismiss such indictment.

This matter involves the hauling of coal from the State of Pennsylvania to New York State. The indictment attempts to accuse the defendant of using an alleged forged certificate of origin for the purpose of obtaining a valid weight ticket covering the sale of coal within this State.

The wording of the indictment seems to center the charge under the provisions of subdivision 3 of section 881 of the Penal Law. This section requires that the certificate or writing involved shall be such that the false making, forging or altering of it be punishable as forgery.

Section 887 defines forgery in the second degree by numerous methods. The People contend that the charge in the indictment comes within the provisions of the fifth paragraph of subdivision 2 of section 887. The defendant urges by the process of elimination that the only part of such section which could possibly apply is the last clause of the fourth paragraph. Both paragraphs and section 881 necessarily require that the writing involved shall be one capable of being forged.

The basis of the charge in each count of the indictment is a paper writing purporting to be a certificate of origin. Before the writing can be classified as a certificate of origin it must comply fully with the requirements of section 197-h of the Agriculture and Markets Law.

Among such requirements are these (subd. 1):

" The words ' certificate of origin,' when used in this section, mean a *signed* certificate containing the following:

" (a) The name and location of, and the name of the owner or operator of the breaker, colliery or other place of production where the coal to which it refers, is produced; * * * (d) The name and address of the driver of the truck hauling said coal * * *."

" The certificate shall be *signed* in ink or indelible pencil by the person who is operating the truck at the time it crosses the boundary line of the state and by the person who is the owner or operator of the breaker, colliery or other place of production * * *, or by a duly authorized agent of such person."

A careful reading of this section depicts a distinction between names and signatures. The writing set forth in the indictment seems to comply substantially with section 197-h with one exception. Opposite the heading " Name and * * * " in paragraphs (1) and (4) appear what purport to be names. But we are unable to find any allegation covering the requirement as to signatures.

Without the fulfillment of such requirement there can be no certificate of origin, that is, in this case, no writing capable of being forged as required by section 881 of the Penal Law.

A name on paper is not necessarily a signature. It may be that the names alleged in the indictment are in ink or indelible pencil on the original writing and possibly sufficient to constitute the signatures required by the statute. This fact, if it exists, is not stated in the indictment.

Compliance with such requirement is a condition to be alleged in the indictment by the People. Otherwise, as in this case, there is reference only to names as distinguished from signatures.

The indictment is silent as to signatures and the fulfillment of such requirement and is, therefore, defective.

An order should be entered denying the motion, allowing the demurrer, and directing the District Attorney to proceed to resubmit the case to the same or next grand jury, the court being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment. Defendant's bail to be continued pending the presentation to the grand jury.