THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DAVID R. SNYDER, Respondent.

Third Department, November 10, 1948.

*Herbert H. Smith, District Attorney,* for appellant.
*Travis & Cohn* for respondent.

*Per Curiam.* Appeal by the People from an order and judgment of the Tioga County Court dated October 29, 1947, allowing a demurrer to an indictment. The indictment charges forgery in the second degree, based upon the utterance of an allegedly forged certificate of origin by means of which the defendant obtained a weight ticket required by article 16-A of the Agriculture and Markets Law for the sale and delivery of coal within the State of New York. The certificate, which is set out verbatim in the indictment, furnishes the information required by section 197-h of the Agriculture and Markets Law, except that it does not even purport to have been signed " in ink or indelible pencil by the person who is operating the truck at the time it crosses the boundary line of the state and by the person who is the owner or operator of the breaker * * * where the coal * * * is loaded * * *," as required by the section. Thus, it was not a valid instrument for the purpose intended, but on the contrary was void and ineffective on its face. The crime of forgery may not be predicated upon such an instrument, at least without further averment. (*People* v. *Harrison,* 8 Barb. 560; *People* v. *Dewey,* 35 Hun 308, 310; *People* v. *Drayton,* 168 N. Y. 10, 13; *People* v. *Rising,* 207 N. Y. 195, 201; *People* v. *Clark,* 274 App. Div. 953, decided herewith.)

The order and judgment should be affirmed.

BREWSTER, J. (dissenting). I dissent and vote to reverse the order sustaining the demurrer.

The indictment charges that the defendant, with intent to defraud, uttered and put off as true a forged writing, viz.: " Certificate of Origin ", prescribed by a statute regulating the sale and delivery of coal; and that he thereby obtained a valid weight ticket required by law for the sale of a load of

coal in his possession. The entire certificate is set forth in the indictment and alleged a forgery. The parties whose signatures were required upon the original thereof could have adopted and constituted, as such signatures, the form and manner in which their names appear as charged in the indictment (*David* v. *Williamsburg City Fire Insurance Co.*, 83 N. Y. 265; General Construction Law, § 46); and for aught that appears the weighmaster, in custom and practice, could have lawfully treated the certificate alleged as one genuine and valid. His default in not holding to a more strict observance of the requirements does not invalidate the indictment. That, as is charged, he issued a weight ticket upon the faith of the writing alleged as a forgery demonstrates that it was a subject of forgery, " for by it a person might be bound, affected or in some way injured in his property." (*People* v. *Rising*, 207 N. Y. 195, 202; Penal Law, §§ 880, 881, 887.) If the name or designation purporting to be the signature of the producer of the coal or of its hauler across the State line, was fictitious, it was nonetheless a forgery. (*International Union Bank* v. *National Surety Co.*, 245 N. Y. 368.) The office of a bill of particulars (Code Crim. Pro., §§ 295-g, 295-h, subd. 2) is available to the accused to supply him with any need of information arising from a lack of further averment.

HILL, P. J., RUSSELL and DEYO, JJ., concur in *Per Curiam* opinion; BREWSTER, J., dissents, in a memorandum, in which FOSTER, J., concurs.

Judgment and order affirmed, and indictment dismissed.