J. Irwin Shapiro, J.
The indictment in this case charges the defendant with the crime of grand larceny in the first degree in that he stole an automobile with the intent to deprive the lawful custodian and owner thereof.
Upon appropriate waiver by the defendant of the right to trial by jury the cause Avas tried before me without a jury.
The contention of the District Attorney is that the automobile was stolen by the defendant in Queens County, and was thereafter transported by him to the State of Indiana where, on an alarm issued by the New York City police, the defendant was taken into custody.
It appears that on March 23,1964 the owner of the automobile, as complainant, sAvore to a complaint charging the defendant *201 with its theft, and that on the same day, a warrant for the arrest of the defendant was issued by a Criminal Court Judge. Ten days later, in the State of Indiana, and thereafter in New York, the arresting officer interrogated the defendant with reference to the complainant’s automobile and obtained the defendant’s confessions to the stealing thereof.
The proffer of the testimony with respect to the alleged confessions made by the defendant was objected to upon the ground that they were obtained in violation of the defendant’s constitutional rights in that he was not represented by counsel.
The People take the position that while it is true that the defendant’s confessions were obtained from him after the filing of the complaint in the Criminal Court of the City of New York, and after the obtaining of a bench warrant, they were not post-arraignment confessions, and that, therefore, the defendant’s constitutional rights were not violated in obtaining them from him at a time when he was not represented by counsel. This contention seems to me to rest upon the false premise that the only confessions barred are those in cases in which the defendant has already been arraigned on an information charging him with the commission of the crime or after the return of an indictment. I do not so read the cases. The ratio decidendi of People v. Di Biasi (7 N Y 2d 544); People v. Waterman (9 N Y 2d 561) and People v. Meyer (11 N Y 2d 162), in my opinion, is that a confession or admission made after the commencement of a judicial proceeding on a charge relating to the confession or admission is not admissible in evidence if such confession or admission was made in the absence of counsel. In Di Biasi and Waterman, the judicial proceeding which was commenced prior to the giving of the confession was the return of the indictment charging the crime which the defendant confessed to committing, and in Meyer, the judicial proceeding which was instituted so as to render the admission made, in the absence of counsel, inadmissible was the arraignment in the Magistrates ’ Court.
However, the clear rationale and effect of these cases, if not the rule explicitly laid down therein, appears to be that once the judicial process has been invoked (People v. Spano, 4 N Y 2d 256, dissent, pp. 265, 266) judicial concern for the defendant’s rights makes his interrogation in the absence of counsel ‘ ‘ an impermissible step in the progress of the criminal cause ” (People v. Waterman, supra, p. 565; People v. Rodrigues, 11 N Y 2d 279, 284-285). The State of New York having formally instituted criminal proceedings against the defendant in a court having jurisdiction of the crime charged, even though *202 the defendant had not yet been arraigned on the complaint, it was precluded from questioning him thereafter either through the police or the District Attorney in the absence of his counsel, and any admissions obtained from him under such circumstances are constitutionally inadmissible (People v. Gregory, N. Y. L. J., March 19, 1964, p. 17, col. 7 [Shapiro, J.]; People v. Santmyer, 20 A D 2d 960).
In the latter case the Appellate Division, Fourth Department, passed directly on the issue here involved when it said: ‘1 There is no logical or valid distinction between a post-arrest statement or confession obtained after filing an information upon which a warrant of arrest is issued and a post-indictment statement or confession obtained after filing an indictment. In each instance a defendant is no longer a suspect but an accused held under court process to await trial and entitled to counsel at every stage of the proceedings ”.
I, therefore, sustain the objection made by the defendant to the introduction of the confessions allegedly made by him after the formal institution of the criminal proceeding in the Criminal Court of the City of New York by the filing of an information therein charging him with the very crime to which he is alleged to have confessed.
Upon indicating from the bench that the foregoing would be my ruling, subject to the filing of a written opinion, the District Attorney asked for a continuance to bring before the court the Indiana arresting officer who had found the defendant in possession of the stolen automobile. The continuance was granted, and the defendant thereupon moved for an inspection of the Grand Jury minutes, or in the alternative for a dismissal of the indictment, contending that it impliedly appeared that the testimony before the Grand Jury, which returned the instant indictment, was insufficient because it was predicated solely upon the alleged confession made by the defendant to the New York police officer after the filing of the information in question.
I pointed out that the granting of such a motion to inspect at this juncture of the trial rested in the sound discretion of the court, and that I would not be inclined to inspect the Grand Jury minutes to ascertain if the defendant’s contention were correct, because a dismissal upon that basis, after the taking of testimony, might be the basis for a claim of double jeopardy. In order to obviate the contention thus made by the court, the defendant thereupon moved for a mistrial so that the court could entertain the motion to inspect the Grand Jury minutes and to dismiss the indictment based thereon without the possibility of the People being precluded from resubmitting *203 the case to another Grand Jury by reason of a possible claim of double jeopardy.
With the specific understanding upon the record that the defendant desired a mistrial and wanted his motion to inspect or in the alternative to dismiss passed upon if the motion for a mistrial were granted, the court reserved decisions on both motions.
A reading of the Grand Jury testimony makes it clear that the only witness to give pertinent testimony as to the defendant’s theft of the automobile was the arresting officer who testified to admissions by the defendant (in the absence of counsel) in Indiana and upon his return to the County of Queens, both of which took place some 10 days after the filing of the formal complaint against the defendant in the Criminal Court of the City of New York.
From the observations made with respect to the inadmissibility of said admissions it is evident that the indictment in this case is based upon insufficient testimony.
The motion of the defendant for a mistrial is, therefore, granted and the motion to inspect the Grand Jury minutes after the granting of such mistrial, or in the alternative to dismiss the indictment, is granted to the extent of dismissing the indictment for the reasons above stated. The District Attorney, of course, has the right to submit the matter to another Grand Jury if he so desires.