J. Irwin Shapiro, J.
Defendant is charged by an indictment with the crimes of kidnapping, rape in the first degree, assault in the second degree, sodomy in the first degree, and carrying and possessing a dangerous weapon as a misdemeanor, and he now moves for an inspection of the Grand Jury minutes upon which the indictment is based.
The predicate for the motion is that since the defendant confessed to the police after he had been arrested and lodged at the police precinct, the statements made by him in the nature of admissions could not be used before the Grand Jury lacking-proof that the police officer had warned the defendant that he had a right to counsel and that anything he would say could be used against him.
Reliance for these contentions is placed upon the now well-known case of Escobedo v. Illinois (378 U. S. 478) and People v. Santmyer (20 A D 2d 960); People v. Parisi (42 Misc 2d 607) and People v. Fleischmann (43 Misc 2d 200).
Objection to the admission of statements taken from a defendant by police officers or by the District Attorney upon the ground that there was a failure to inform the suspect of his right to counsel, and that he was not advised that any statement that he might make would, or could, be used against him, is being repeatedly made by defense counsel in reliance upon Escobedo.
In Escobedo his retained lawyer arrived at police headquarters shortly after he was brought there and the interrogation of Escobedo took place after the lawyer was denied permission to see him ‘' because they hadn’t completed questioning” (p. 480).
Limited to its particular facts, and without reference to the other language in the opinion, it is clear that Escobedo *397 does no more than agree with People v. Donovan (13 N Y 2d 148, 151) in which Judge Fuld held that a “ confession taken from a defendant, during a period of detention, after his attorney had requested and been denied access to him ” could not be used against him in a criminal trial.
It is the language in Escobedo (pp. 485, 490-491, 492), however, which gives rise to varying interpretations of what the court holds the law to be on the subject matter of confessions. For instance, we find Judge Goldberg saying: " Petitioner had become the accused, and the purpose of the interrogation was to ‘ get him ’ to confess his guilt despite his constitutional right not to do so. At the time of his arrest and throughout the course of the interrogation, the police told petitioner that they had convincing evidence that he had fired the fatal shots. Without informing him of his absolute right to remain silent in the face of this accusation, the police urged him to make a statement * * *.
“ We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a processs of interrogations that lends itself to elicting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied ‘ the Assistance of Counsel ’ in violation of the Sixth Amendment to the Constitution * * * and that no statement elicited by the police during the interrogation may be used against him at a criminal trial. * * * We hold only that when the process shifts from investigatory to accusatory — when its focus is on the accused and its purpose is to elicit a confession — our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer.” (Emphasis supplied.)
The nub of Escobedo is contained in the foregoing quotations, and regardless of what the ultimate determination may be, this court holds that Escobedo decided only that “under the circumstances here, the accused must be permitted to consult with his lawyer ”, to wit, a case in which he requested a lawyer or in which a lawyer was actually present and requested to see him. I interpret Escobedo as holding that a confession taken from a defendant prior to the commencement of a judicial proceeding is inadmissible where “ the police have not effectively warned him of his absolute constitutional right to remain silent ” only where his lawyer is denied access to him or where *398 ‘ ‘ the suspect has requested and been denied an opportunity to consult with his lawyer ”. The arrest by g, police officer of a suspect is not the commencement of a judicial proceeding which precludes the admission of a confession taken in the absence of counsel as that term is used in People v. Di Biasi (7 N Y 2d 544); People v. Waterman (9 N Y 2d 561) and People v. Meyer (11 N Y 2d 162). (See People v. Fleischmann, 43 Misc 2d 200, supra.)
I am aware of only two appellate court cases which have thus far passed upon the meaning to be given to Escobedo. In People v. Dorado (394 P. 2d 952, on rehearing 62 Cal. 2d 350, 62 A. C. 350) (three Judges dissenting), the California Supreme Court, after discussing numerous prior eases on the subject, concluded that a proper interpretation of Escobedo is that “ the right to be furnished counsel does not depend upon a request ” and that ‘‘ when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished whether or not the accused requested the appointment of counsel ’ ” and that any “ distinction between the confession of the defendant who specifically requests counsel and the one who submits no such request must pose an equally untenable artificiality ”, and that therefore “ the requirement for the utterance of special words of request for counsel would compel an unreliable and discriminatory formalism. ’ ’
It may well be that the conclusion of the Supreme Court of the State of California in Dorado will be the ultimate indisputable determination of the United States Supreme Court if the question reaches that court, as it is now constituted, but until there has been an appellate ruling to the contrary, which is binding upon this court, I will continue to rule that, unless counsel is denied access to his client or the latter requests counsel, a confession or a statement made by a defendant, under the circumstances here present is admissible against him, and that he need not be cautioned that he has a right to counsel nor that anything he says may be used against him.
The only other case bearing on this subject, which I have been able to find, is in the United States Court of Appeals for the District of Columbia, Jackson v. United States (337 F. 2d 136) decided August 13, 1964, in which the defendant, when making his admission had no counsel, but, according to the Federal rule, was advised of his right to counsel. The majority of the court said that: “ Obviously neither Escobedo v. Illinois, 378 U. S. 478, nor Massiah v. U. S., 377 U. S. 201, can be read as barring use of this confession. * * * If there were a rule that a confession may not be received if made by an *399 accused without counsel, that would be the end of this case and of scores like it.”
The dissent in that case took the position that the fact that the defendant confessed only after he was advised that he need make no statement was wholly immaterial, and it concluded that a confession should not be received in evidence where defendant for any reason was not represented by counsel, saying: “It is of no great consequence that (defendant) may have been advised he need make no statement. Aside from the fact that he could hardly have remained silent when accused, advice from the police or even a United States Commissioner that he remain silent is quite different from being told by counsel that he should or should not do so.
“And it is of no significance that (defendant) had not requested counsel before making his confession. * * *
‘ ‘ It seems to me that the issue whether under the law the perpetrator of this terrible homicide should be executed, imprisoned for life, or placed in an institution for the mentally ill, ought not to turn upon self-accusatory words attributed to him at the secret interrogation in New York, when neither he nor society had the professional assistance, or the opportunity to obtain it, the need for which is made plain by the guarantee of the right to it contained in the supreme law of the land. ’ ’
It is obvious that the law on the subject under discussion is in a state of flux and that the ultimate determination, while perhaps predictable, should not be anticipated by a court of original jurisdiction.
For the foregoing reasons the motion is in all respects denied.