J. Irwin Shapiro, J.
The defendant was convicted of burglary
in the third degree and arson in the third degree by a jury in a trial conducted before Mr. Justice Samuel S. Leibowitz. After the imposition of sentence the defendant appealed to the Appellate Division, Second Department. On September 15, 1964, upon application by the defendant, that court made an order (N. Y. L. J., Sept. 17, 1964, p. 16, col. 7) holding the defendant’s appeál in abeyance and remitting “ the action to the trial court for the purpose of holding a hearing and determining, in accordance with the recent decision of the Supreme Court of the United States (Jackson v. Denno, 378 U. S. 368), the voluntariness of the appellant’s confession which had been adduced at the trial.”
When the matter appeared upon the calendar of Part I of the Criminal Term of the Supreme Court, Queens County, I communicated with Mr. Justice Leibowitz, then assigned to a Civil Term of the Supreme Court in Kings County, and he requested that I conduct the hearing, which I then proceeded to do.
In view of the language in Jackson which reads that ‘ ‘ Whether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness is not a matter of concern here ” (378 U. S. 368, 391, n. 19), I, though not the Trial Justice, am empowered to conduct the hearing.
The confession in question was received in evidence at the trial as People’s Exhibit 3 and was deemed offered before me as a like numbered exhibit.
At the conclusion of the hearing, at which the testimony of the arresting police officer and other police officers were heard in support of the People’s contention that the confession was voluntarily made by the defendant, and the testimony of wit *401 nesses sworn on behalf of the defendant, including the defendant himself, were heard in opposition to the receipt of the confession in evidence, a factual issue of voluntariness was squarely presented.
When the defendant’s counsel, at the end of the hearing, objected to the introduction of the confession in evidence, their sole contention was that it was obtained from the defendant by force, duress and coercion. I specifically called counsel’s attention to the fact that under the interpretation given to Escobedo v. Illinois (378 U. S. 478) in People v. Dorado (394 P. 2d 952, on rehearing 62 Cal. 2d 350, 62 A. C. 350), they could also raise the question whether as a matter of law the confession was not involuntary because there was no proof adduced that the defendant prior to malting the confession was cautioned that anything he said might be used against him nor that he had a right to counsel before making such a confession. Defense counsel stated that they agreed with my construction of Escobedo in People v. Agar (44 Misc 2d 396, 398), in which I said that: ‘ ‘ until there has been an appellate ruling to the contrary, which is binding upon this court, I will continue to rule that, unless counsel is denied access to his client or the latter requests counsel, a confession or a statement made by a defendant, under the circumstances here present is admissible against him, and that he need not be cautioned that he has a right to counsel nor that anything he says maybe used against him.”
Despite the explicit and express disclaimer of reliance upon the interpretation given the Escobedo case in Dorado and the statement of counsel accepting my interpretation of Escobedo, the defendant, in the interest of fair play, should not be precluded from raising that question upon his pending appeal to the Appellate Division. Accordingly, I will consider the record as showing that an objection was raised to the admission of the defendant’s confession not only upon the factual issues of force, duress and coercion, but also upon the ground that as a matter of law it must be deemed involuntary because of the absence of counsel on behalf of the defendant and the failure to caution him that anything that he might say could be used against him. The contention thus deemed raised by the defendant under Escobedo is overruled (People v. Agar, supra).
With respect to the factual issues presented by the testimony of the various witnesses, we are met at the threshold with the question of determining who has and the nature and extent of the burden of proof. In Jackson v. Denno (378 U. S. 368, supra), the majority of the court failed to touch on this matter but comment thereon was made by Mr. Justice Black in his *402 dissenting opinion in which he said (pp. 404-405): “ Another disadvantage to the defendant under the Court’s new rule is the failure to say anything about the burden of proving voluntariness. The New York rule does now and apparently always has put on the State the burden of convincing the jury beyond a reasonable doubt that a confession is voluntary. See Stein v. New York, supra, 346 U. S., at 173 and n. 17; People v. Valletutti, 297 N. Y. 226, 229, 78 N. E. 2d 485, 486. The Court has not said that its new constitutional rule, which requires the judge to decide voluntariness, also imposes on the State the burden of proving this fact beyond a reasonable doubt. Does the Court’s new rule allow the judge to decide voluntariness merely on a preponderance of the evidence % If so, this is a distinct disadvantage to the defendant. In fashioning its new constitutional rule, the Court should not leave this important question in doubt. ’ ’
Since the purport of the majority opinion in Jackson seemingly was to give a defendant greater rights than he theretofore possessed under existing New York law, it is inconceivable that it was the intent and purpose of that decision either to put the burden of proof on a hearing such as this upon the defendant, or even to compel him to proceed with proof in the first instance. Contrary to the procedure in suppression cases where, except in claiming entry to premises by consent, the burden of proof is upon the defendant who seeks a suppression order, it seems to me that in a matter of substance going to the very heart of the guilt of a defendant, the burden of proof is and remains upon the People who seek the admission of the confession into evidence, and that that burden should be sustained in the same fashion that the People must sustain every material issue in dispute. Accordingly, I hold that in independent voir dire hearings where the admission of confessions is in issue the People have the burden of establishing the voluntary nature of the confession beyond a reasonable doubt.
Utilizing that standard of proof, and carefully analyzing the testimony in the record, I have come to the conclusion that the People have sustained that burden. It is unnecessary to attempt to effect a reconciliation of the different versions of how and why the defendant was struck by Patrolman (now Sergeant) Twigg for I have come to the conclusion that that incident on the sidewalk in plain and open view of any citizen who might be watching or looking from a window is not determinative of the issue here.
*403 That sidewalk incident took place at approximately 6:30 a.m., after which the defendant was taken to the police precinct, Officer Twigg, who struck the defendant on the sidewalk, did not remain in the precinct and was not present at any time while the defendant was interrogated. There is no contention that the defendant was beaten at the precinct prior to making his confession except his testimony that a pen or pencil, he did not recall which, was stuck in his chest. I do not credit that testimony or any of the other testimony of the defendant about alleged threats either directly or inferentially made to him.
It may not be denied that while the defendant was being orally interrogated and before he made Ms written confession he was called a liar by one of the police officers by reason of inconsistent statements made by him. While that is not the most gentle approach imaginable, the manners of a Lord Chesterfield are not the criteria of what makes a confession voluntary or involuntary. If the police officer instead of calling the defendant a liar had pointed ont to him in most gentle tones that the various statements made by Mm could not be reconciled and were at complete variance, one with the other, it could not reasonably be contended that such conduct would be tantamount to the exercise of fear, coercion or duress yet, in effect, the police officer would be calling the defendant a liar.
Considering all of the facts and circumstances in this case, and having carefully scrutinized the witnesses as they testified, I have come to the conclusion that plaintiff’s Exhibit 3 received at the trial as the defendant’s confession was the voluntary act of the defendant. It is received in evidence.