## (March 9, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALISANDRO DEL HOYO, Appellant.

APPEAL from a judgment of the Bronx County Court rendered February 8, 1961, upon a verdict convicting defendant of the crimes of robbery in the first degree, petit larceny and assault in the second degree, upon remand by the Supreme Court of the United States by order of June 22, 1964.

*Per Curiam.* The judgment of this court of June 11, 1963 (*People* v. *Del Hoyo,* 19 A D 2d 696) having been vacated by the order of the Supreme Court of the United States on June 22, 1964 in accordance with its opinion in *Jackson* v. *Denno* (378 U. S. 368), the defendant's appeal from the judgment of Bronx County Court of February 8, 1961, convicting him of robbery in the first degree, petit larceny and assault in the second degree is considered *de novo* in the light of said *Jackson* opinion and the opinion of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72).

The evidence indicates that the defendant was "picked up" by the police at about 7:00 P.M. on March 18, 1960, and he was questioned on several occasions over a period of six hours. He then orally admitted involvement in the robbery in question and was placed under arrest therefor at 1:00 A.M. the next morning. Thereafter he was questioned until 9:00 A.M.; he made another confession of guilt of said crime; and he was finally "booked" for said crime at 11:00 A.M. on the morning of March 19. Thus, there is evidence that during a great deal of the time after the defendant was "picked up" and before he was formally arrested, charged and booked for the crime herein, the police

had passed the investigating stage and were in the process of accusing defendant of the crime and securing a confession from him. (*Escobedo* v. *Illinois,* 378 U. S. 478, 490–492.)

Appellant contends that the record clearly shows that after the police had determined to accuse him of and charge him with this crime they continued to interrogate him, seeking admissions and a confession, without advising him of his right to remain mute, that any statement he might make would be used against him, or that he was entitled to consult an attorney, and in this respect reliance is placed upon the *Escobedo* case (*supra*) and *People* v. *Dorado* (62 Cal. 2d 350). The record does show that the court below sustained objections to questions by defendant's counsel whereby he attempted to show the failure of the police so to advise him. This State has not yet gone as far as defendant urges; and we do not believe it appropriate for this court to extend the limitations on the investigatory powers of the police in this respect, especially in view of the recent reticence of the Court of Appeals to rule thereon in *People* v. *Stanley* (15 N Y 2d 30) wherein at page 32 the court said: "We * * * refrain from considering or passing upon the more difficult and far-reaching problem whether a person taken into custody for questioning prior to his arraignment or indictment is entitled to be made aware of his privilege to remain silent and of his right to a lawyer if he desires one."

Under the *Jackson* and *Huntley* cases (*supra*) this case is remitted to the court below, particularly to the Judge before whom the case was tried, if available (*People* v. *Huntley, supra*; see *People* v. *Langert,* 44 Misc 2d 399), to determine the voluntariness of defendant's confession. If the court finds beyond a reasonable doubt that the confession was voluntarily made, it shall make suitable findings of fact and conclusions of law with respect thereto, and return the same to this court for determination of this appeal. (*Jackson* v. *Denno, supra*; *People* v. *Huntley, supra*.) If the People fail to establish before the court below that defendant's said confession was voluntarily made, the court shall likewise make suitable findings of fact and conclusions of law with respect thereto, and direct a new trial of the defendant excluding such confession.

Accordingly, the determination of this appeal should be withheld and the case remitted to Supreme Court, Trial Term, Bronx County, for further proceedings in accordance with this opinion.

Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ., concur.

Determination of appeal from judgment withheld and the case remanded to Supreme Court, Bronx County, Trial Term, for further proceedings in accordance with the opinion *Per Curiam* of this court filed herein.