John H. Galloway, Jr., J.
Defendant moves to inspect the minutes of the Grand Jury which indicted him on a charge of forgery, second degree, and on such inspection or upon the court’s inspection, for a dismissal of the indictment, on the grounds that: 1. it was founded on insufficient, incompetent and illegal evidence; 2. the alleged forged document is void on its face and therefore lacks such necessary legal efficacy as to be the subject of a forgery; 3. there was no crime committed herein, and, if there were, this court has no jurisdiction thereof; and 4. the admission of the alleged confession before the Grand Jury was in violation of defendant’s constitutional rights.
Defendant is charged in one count with having forged “ the seal or impression thereof of a public office or officer authorized by law and did forge a certain instrument and writing”, the form of which is attached to the indictment, consisting of ‘1 duplicate operator’s license” purportedly issued by the New York State Department of Motor Vehicles to the defendant. We consider together the several grounds urged for dismissal, having read the minutes of the Grand Jury.
As observed by defense counsel, the indictment charges (a) the forgery of a “seal or impression ” of a public office or *56 officer, and (b) the forgery of the “ instrument and writing”, to wit, the duplicate operator’s license.
Section 880 of the Penal Law, provides: “ The expressions] * forge ’ * * * as used in this article, include false making * * * and the alteration, erasure, or obliteration of a genuine instrument, in whole or in part ”. (Emphasis supplied.)
•Section 887 of the Penal Law, provides, in material part: “ A person is guilty of forgery in the second degree who, with intent to defraud:
“ 1. Forges * * * the seal * * * of any public office or officer authorized by law * * * or any impression of such a seal; * * * or
“ 2. Forges * * * An instrument, document, or writing, being or purporting to be # * * a license or authority granted nursuant to any statute of the state ”. (4th par., not ram.)
Defendant contends that the purported operator’s license is not on its face an “instrument or writing” or a “license” within the statutes (Penal Law, §§ 880, 887) because it is merely a duplicate, and in any event the instrument in question does not satisfy the requirement that it be “made evidence by any law or statute ”. This contention is without merit. The purported operator’s license is a “written instrument”, being partly printed and partly in writing, and on its face stands in place of an original operator’s license (§ 880). Furthermore, it purports to be a “ license ”, and it is of no consequence that it may not have been “ made evidence by any law or statute ” (§ 887, subd. 2, 4th par.). In our opinion the clause “made evidence by any law or statute ”, as set forth in the 4th paragraph of subdivision 2 of section 887 refers only to “ a certificate, document, instrument, or writing” and is disjunctive to the immediately preceding clause “ a license or authority granted pursuant to any statute ’ ’.
Defendant further contends that, under section 880, to constitute the act a crime, the forgery must be of a “ genuine instrument ”, viz., the instrument must be such as, if genuine, would be of some legal efficacy, real or apparent, otherwise it would have no legal tendency to defraud; in other words, it must be valid, if genuine, for the purpose intended. In support thereof, defense counsel points out that the instrument lacks an expiration date and does not otherwise meet the requirements of section 501 (subd. 1, par. c) of the Vehicle and Traffic Law, in that it does not contain the “ distinguishing number of mark ” assigned to the licensee, and in its place is a vehicular registra *57 tion plate number. He argues that thus the instrument is so palpably void and lacking in legal efficacy as to deceive no one, and therefore could not be the subject of forgery.
We are unable to agree on the facts that this purported operator’s license is so “ blatantly and obviously void ” on its face as to deceive no one. Indeed, on close scrutiny, the “ license ” presents some deficiencies and even an amateurish appearance — to the sophisticated. In our opinion it has many of the indicia of authenticity. And, for aught that appears, someone (for example a tavern or innkeeper) could reasonably have accepted it as genuine and valid as evidence of this young defendant’s legal age for service of alcoholic beverages, which was the defendant’s admitted purpose for its use (cf. People v. Snyder, 274 App. Div. 371).
In any event, the making of a fictitious instrument, no matter how inept, is none the less a forgery. In People v. Berman (197 N. Y. S. 2d 346, 351, 353) it was held that the term “ false making ” as used in section 880 is to be construed as used in the disjunctive sense, and as intended to have meaning in and of itself and to be read and considered by itself apart'from the phrase “ genuine instrument and that the expression “ false making” includes a fictitiously made instrument which falsely purports to be the writing of another. In our opinion the instrument here involved fits that definition, and is encompassed by the phrase “ false making ” of an instrument as used in section 880 defining forgery, and by the phrase ‘ ‘ forges * * * an instrument * * * or writing * * * purporting to be * * a license * * * granted pursuant to any statute ” as used in section 887 (subd. 2, 4th par.) defining forgery in the second degree (cf., also, People v. Gould, 41 Misc 2d 875). It follows that, since the making of a fictitious instrument (with intent to defraud) constitutes a forgery, the “validity” of the instrument, “if genuine”, for the purpose intended, is not a requisite for forgery, as urged by defendant. Indeed, such a requirement is a contradiction in terms.
With respect to defendant’s contention that there was no forgery of .the seal or impression thereof of the Motor Vehicle Department because the seal (consisting of vehicular registration plate number rather than a distinctive number of several digits assigned to the license) is void on its face and because the instrument itself is void on its face: we are likewise of the opinion, on the basis of the foregoing reasoning and decisions cited, that the affixing of a fictitious “impression” of the department’s seal on a fictitious instrument also constitutes a forgery under section 880 and subdivision 1 of section 887 of *58 the Penal Law. The cases relied on by the defendant, specifically People v. Drayton (168 N. Y. 10); People v. Snyder (274 App. Div. 371); People v. Esrig (240 App. Div. 300) and People v. Clark (190 Misc. 725, affd. 274 App. Div. 953, app. dsmd. 298 N. Y. 857) are distinguishable on their facts from the case at bar.
We conclude that the instrument or document here involved was properly the subject of the forgery here charged against the defendant. Furthermore, from our inspection of the Grand Jury minutes, we find that there was sufficient legal and competent evidence of the forgery of the document in question by the defendant in this county, including corroboration of defendant’s admissions by other evidence tending to connect defendant with the commission of the alleged forgery, to sustain the charges in the indictment.
Defendant’s final contention is that the admission of his confession of the alleged forgery before the Grand Jury was in violation of his constitutional rights. He does not elaborate on this contention nor does be support it with a showing of proof. We are not aware of any authority to the effect that the mere admission of a confession not shown (as here it is not) to have been involuntary or otherwise illegally obtained, is violative of a constitutional right.
Defense counsel’s “ belief ” that defendant was arrested and then interrogated in the police station about the duplicate operator’s license here in question, does not constitute proof that this was the order of events, or that defendant requested and was denied counsel. But even if he were first arrested and his subsequent interrogation produced the alleged confession, the confession is nevertheless admissible in evidence before the Grand Jury (People v. Agar, 44 Misc 2d 396). And in our opinion, Escobedo v. Illinois (378 U. S. 478) is not here in point, since the holding in that case is properly deemed limited strictly to the facts there instant, until we are otherwise informed by an appellate tribunal.
The motion to inspect is denied, since we have inspected the Grand Jury minutes, and, upon such inspection the motion to dismiss the indictment is denied.