Morton B. Silberman, J.
In accordance with section 813-f et seq. of the Code of Criminal Procedure, a hearing has been had before this court to determine whether certain admissions *960 allegedly made by the defendant to a police officer may be used as evidence at the forthcoming trial of the defendant.
Before passing upon the issue as to the admissibility in evidence of the alleged admissions, comment is required concerning disagreement and confusion between counsel as to certain procedural problems preceding this hearing.
The defendant was indicted on February 23, 1966 for the felony of assault second degree.
On Friday, April 15,1966, a jury satisfactory to both sides was sworn to try this case.
During the selection of the jury and prior to the final selection and swearing of the jurors, a conference was held in chambers with both counsel. At this conference, the court inquired of the Assistant District Attorney representing the People as to whether the People intended to offer at the trial evidence of any confessions or admissions allegedly made by the defendant. The Assistant District Attorney then informed the court, in the presence of the defendant’s attorney, that the People intended to offer in evidence certain written and oral admissions allegedly made by the defendant to a police officer. The Assistant District Attorney stated that a form written notice of such intent pursuant to section 813-f of the Code of Criminal Procedure had been mailed to the defendant’s attorney. The defendant’s attorney emphatically denied receiving such written notice, and stated that had he received such notice he would have moved pursuant to section 813-g for the suppression of such alleged admissions as evidence at the trial. It thus appeared that the People were proceeding on the belief that a proper notice had been given to the defendant; that the defendant had not moved to suppress the alleged admissions; and that evidence of same could therefore be introduced at the trial. The defendant’s attorney, on the other hand, was proceeding on the belief that since he had not received a notice from the People of their intent to offer a confession or admission at the trial; that there did not exist any admissible confession or admission; and that there was no necessity for any suppression motion.
Section 813-f through section 813-i, inclusive, were enacted by the Legislature effective July 16, 1965, to provide specific procedure for determination by the court prior to the actual trial of the admissibility of alleged confessions and/or admissions made by a defendant. The enactment of these sections in our Code of Criminal Procedure became necessary to clarify the procedural problems engendered by the landmark decision of the United States Supreme Court in the case of Jackson v. Denno (378 U. S. 368, decided June, 1964). The majority *961 opinion, in effect, declared that the confession admitted in evidence against the defendant violated the constitutional guarantee of due process of law, and mandated that the defendant was entitled to an independent determination of the voluntariness of an alleged confession by a Judge in a separate hearing, and that at such hearing the People must establish the voluntariness of the confession beyond a reasonable doubt before it can be submitted to the jury for their consideration.
Following the Jackson case, our New York State Court of Appeals in People v. Huntley (15 N Y 2d 72) prescribed the procedure to be followed by our trial courts in conducting the mandated pretrial hearings as to the voluntariness of confessions. There then followed the enactment by the Legislature of sections 813-f through 813-i of the Code of Criminal Procedure.
Section 813-f directs that in a case where the People intend to offer a confession or admission in evidence upon a trial of a defendant, that the People must, within a reasonable time before the commencement of the trial, give written notice of such intention to the defendant’s attorney.
In the instant case, the District Attorney asserts that he believes that such written notice was sent to the defendant’s attorney more than a month prior to the trial. The defendant’s attorney asserts that he never received any such notice and had no knowledge of the People’s intent to offer alleged admissions of the defendant at the trial until he learned of same during the recess in chambers while the jury was being impanelled.
It would seem to the court that in order to obviate the problem here presented on the very eve of a trial, that section 813-f should be amended by the Legislature to require that the written notice required by this section be sent by the District Attorney to the defendant’s attorney by registered mail or certified mail.
Pending such amendment, and to avoid similar problems in the future in this court, this court has directed the District Attorney of this County to send all future notices required by this section by registered or certified mail.
In the instant case, after the jury was sworn on Friday, April 15, the jury was excused on consent of both counsel until Tuesday, April 19, so that a hearing could be held by the court on Monday, April 18, on the issue of the voluntariness of the defendant’s alleged admissions. However, on Monday, April 18, defendant’s attorney objected to the hearing being conducted because of the requirement of section 813-h that such hearing be held “ prior to the commencement of any trial. ” Though this objection was contrary to the understanding had between the court and counsel when the jury was sworn, in view of such *962 objection by defendant’s counsel, the court declared a mistrial .and directed that a new jury would be impanelled for this trial after the court had made its determination on the hearing as to tire admissibility of the alleged admissions. Such hearing was then held.
At the hearing the only evidence offered by the People was the testimony of the Chief of Police of the Village of Spring Valley. His testimony, in substance, was: that at about 7:30 p.m. on January 21, 1966 his department received a complaint from one Joseph Gattuso that he had been assaulted with an iron pipe by the defendant; that this assault took place at a gasoline service station where the defendant was employed; that acting upon this complaint the police obtained a search warrant to search the service station premises for the alleged iron pipe, and they also obtained an arrest warrant for the arrest of the defendant pn a charge of assault second degree; that while the police were searching at the service station the defendant telephoned and was told by a police officer that the police had a warrant for his arrest; that the defendant came to the service station and was told that he was under arrest and he was searched; that the defendant was taken to the police station and was there questioned by the Chief, a Police Sergeant and the District Attorney; that the defendant did not ask for counsel prior to or during the questioning; that the defendant was not advised of a right to counsel or that any statement he made could be used against him; that the defendant stated the complainant (Gattuso), who was the operator of another service station in the same village, came to the defendant’s station and angrily accused the defendant of stealing customers from him, and looked as though he was going to attack the defendant, whereupon the defendant struck the complainant with a wrench; that the Chief then typed a narrative statement of this alleged admission; that the defendant initialed some typographical errors on this typed sheet; that the defendant did not sign the typed statement and that the defendant was not requested to sign the statement.
This was the only witness for the People. The defendant testified in his own behalf. His testimony was brief. He testified that when he was told by the police at his service station that he was under arrest, that he told the police that he wanted to get a lawyer. He states that he also made this request several more times at the police station prior to and during his questioning by the police and the District Attorney.
At. a hearing of this nature, the burden is. upon the People to prove beyond a reasonable doubt the voluntariness- of -» *963 confession or an admission. An issue of fact has been pres'éntéd as to whether the defendant requested and was denied counsel after his arrest and prior to giving any statement. Although our Court of Appeals has recently held that prior to arraignment or indictment the police are under no duty to advise an accused of a right to counsel (People v. Gunner, 15 N Y 2d 226), the Court of Appeals has clearly held inadmissible statements taken in the absence of counsel after a request for counsel (People v. Sanchez, 15 N Y 2d 387) and after the appearance or notification by counsel to police authorities of his representation (People v. Donovan, 13 N Y 2d 148).
The issue of fact presented at the hearing as to whether the defendant requested and was denied counsel prior to his alleged admissions does not, however, have to be determined by this court. The testimony adduced at the hearing explicitly brings this case within the holding of the recent decision of our Court of Appeals of People v. Bodie (16 N Y 2d 275 [Dec. 30, 1965]). Prior to the Bodie case the Court of Appeals had held inadmissible statements taken in the absence of counsel when such statements were taken after an indictment (People v. Waterman, 9 N Y 2d 561) or after an arraignment (People v. Meyer, 11 N Y 2d 162).
In the Bodie case the Court of Appeals clearly extended the exclusion of statements taken in the absence of counsel after an information has been filed and an arrest warrant issued. In the Bodie case the court passed upon whether the defendant having been advised of his right to counsel could and did waive his right to counsel prior to giving a statement. The .court, however, further stated (pp. 278-279): “If this case merely contained an inculpatory statement made in the absence of counsel after an information had been filed, we would be compelled to hold that the statement is inadmissible, because no valid distinction may be made between a postindictment and a post-information statement (People v. Santmyer, 20 A D 2d 960; People v. Fleischmann, 43 Misc 2d 200, 202; see, also, People v. Meyer, 11 N Y 2d 162; People v. Waterman, 9 N Y 2d 561).”
In accordance with the decision in the Bodie case, this court now rules that at the time the alleged oral and written admissions herein were given that the defendant’s right of counsel had attached because an information had been filed and a warrant of arrest issued. Any statements given in the absence of counsel after a warrant of arrest has issued are, under the holding of Bodie, inadmissible, unless the right to counsel be expressly waived.
*964 On the record of this hearing the court finds as facts that:
1. The defendant was arrested pursuant to a warrant of arrest issued upon the filing of an information.
2. The alleged admissions of the defendant, if made, were made after such arrest and in the absence of counsel.
3. The defendant did not waive his right to counsel.
Accordingly, any admissions allegedly made by the defendant are suppressed, and cannot and shall not be admitted in evidence at the trial of this case.